## OWEN vs. THE STATE.

[INDICTMENT FOR CARRYING CONCEALED WEAPONS.]

1. *What constitutes such offense.*—A person who, in the room of another in which there are several persons, bears in his vest pocket a pistol, which is willfully or knowingly covered or kept from sight, is guilty of a violation of the statute (Code, § 3274) against carrying concealed weapons.

From the Circuit Court of Tuskaloosa.
Tried before the Hon. JOHN GILL SHORTER.

THE bill of exceptions in this case is as follows:
"On the trial of this case, the State introduced one Hutchinson as a witness, who testified, that within twelve months before the finding of the indictment, he went into the room of one Charles S. Williams, in said county of Tuskaloosa; that he found in the room Mr. Williams, the defendant, and two or three other young gentlemen; that he remained in the room some twenty minutes, or half an hour; that, while there, he asked the defendant to give him a cap; that the defendant put his hand into his vest

pocket, and took a small pistol out of his pocket, to get a cap ; that the pistol was the smallest he had ever seen, and he requested the defendant to let him look at it; that the defendant did so, and, when he and the others had looked at it, it was handed back to the defendant, who again put it into his vest pocket; that he did not see it until the defendant had taken it out of his pocket, and could not see it after he had put it into his pocket as stated ; that he did not know whether the pistol was loaded or not; and that, when he went out, he left the defendant in the room.

"This was all the evidence in the cause; and thereupon the defendant asked the court to charge the jury, that unless they believed from the evidence that the defendant had the said pistol when he went into the said room, or took it with him when he left the room, merely having the pistol in his pocket, as stated, was not a carrying of the pistol concealed about his person, within the meaning of the statute. The court refused to give this charge, and the defendant excepted."

E. W. PECK, for the appellant.

M. A. BALDWIN, Attorney-General, *contra.*

RICE, C. J.—The defendant was indicted for a violation of section 3274 of the Code, which provides, that "any one who carries concealed about his person a pistol, or any other description of fire-arms, *not being threatened with, or having good reason to apprehend an attack, or traveling, or setting out on a journey,* must, on conviction, be fined not less than fifty, nor more than three hundred dollars."

That section was not designed to destroy the right, guarantied by the constitution to every citizen, "to bear arms in defense of himself and the State" ; nor to require them to be so borne, as to render them useless for the purpose of defense. It is a mere regulation of the manner in which certain weapons are to be borne; a regulation, the object of which was to promote personal security, and to advance public morals. To that end, it prohibits the bearing of certain weapons, "in such a manner as is cal-

culated to exert an unhappy influence upon the moral feelings of the wearer, by making him less regardful of the personal security of others."—The State v. Reid, 1 Ala. R. 612.

The word "carries," in the section above cited, was used as the synonym of "bears"; and the word "concealed," as therein used, means, willfully or knowingly covered, or kept from sight.   Locomotion is not essential to constitute a carrying within the meaning of that section. A person who, in the room of another in which there are two or three other persons, bears in his vest pocket a pistol, willingly or knowingly covered or kept from sight, without any of the excuses therefor recognized by law, is a violator of the section above cited.   The charge asked by the defendant in this case, is in conflict with the law as thus laid down by us.   That charge does not simply assert the general proposition, that merely having a pistol in one's pocket in a room, is not a carrying of the pistol concealed about his person, within the meaning of the statute: it goes beyond that, and asserts that, if the defendant did not have the pistol when he went into the room, nor when he went out of it, his "merely having the pistol in his pocket in the room, *as stated*, was not a carrying of the pistol concealed about his person, within the meaning of the statute."   The charge as asked was specific, and referred directly to the evidence which showed the manner in which the defendant carried the pistol, and conceded the truth of that evidence.   As the truth of the evidence was thus conceded by it, the conclusion it drew from the evidence was a *non sequitur ;* for, if the defendant did have the pistol in his pocket, in the room, *as stated by the evidence,* he might be guilty, although he neither had it when he entered the room, nor when he left the room.

Judgment affirmed.