CARROLL VS. THE STATE.

CARRYING CONCEALED WEAPONS: *What not defense to.*
  On indictment for carrying a concealed weapon, it is not a good or sufficient excuse or defense, under the statute, for the defendant to show that he was on his own premises when he so carried such weapon, nor will it constitute any excuse for so wearing a weapon, to show that the accused was in fear or even danger of being attacked.

APPEAL from *Ashley* Circuit Court.
Hon. HENRY B. MORSE, Circuit Judge.
*John Carroll,* for appellant.
*J. R. Montgomery,* Attorney General, for appellee.

GREGG, J.    At the October term, 1871, the appellant was indicted in the Ashley circuit court for carrying a concealed weapon.

After the return of the indictment into court, there appears in the transcript what purports to be an order of court, referring the indictment to R. S. Curry, a justice of the peace, for hearing and final determination, followed by what purports to be a trial, conviction and judgment before the justice of the peace, and an appeal back to the circuit court. This whole

proceeding, thus had outside of the circuit court, was, certainly, without authority of law. But no exception was taken thereto, and the appellant appeared to the indictment in the circuit court, and at the April term, 1872, a trial was had by a jury, the appellant found guilty, and a fine of twenty-five dollars assessed against him, for which judgment was recovered. He moved for a new trial; his motion was overruled; he excepted, and appealed to this court.

The bill of exceptions recites that the state, to maintain the issue on her part, proved by Hugh Gillick and Eliza Gillick, that they rented appellant's house in 1871, and that about the 6th of August of that year, the defendant had a pistol in the breast pocket of his coat, and took it away with him when he left the house.

The appellant then offered to prove by F. A. Boyd that, shortly before the first of that August, he had told him of certain threats that had been made against him; but, upon objection, the court refused to allow Boyd to so testify, to which the appellant excepted. The court gave two instructions for the state, to which no objection was, or could properly have been made. The appellant then moved the court to charge the jury, First. "If, from the evidence adduced, the jury believe that the defendant was in his own house at the time he is charged with having a pistol in his pocket, and that he did have said pistol in his pocket, they will find the defendant not guilty."

Second. "If, from the evidence adduced, the jury believe that the defendant had reason to believe, and did believe that he was in danger, at any unknown moment, of receiving great bodily violence, or that his life was in danger, they will find the defendant not guilty." Both of which the court overruled, to which the appellant excepted.

The last instruction was entirely abstract. It was not law

Carroll vs. The State.

under any state of facts. The other instruction was not sustained by the evidence, except in so far as the witness said he had the pistol in his pocket before he left the house, and that constituted no defense. There is no provision in the statute excusing a party when carrying a pistol concealed as a weapon on his own premises, nor would it constitute any excuse for so wearing a weapon, to show that the accused was in fear or even in danger of being attacked.

As held by this court in the case of *Buzzard v. The State*, 4 Ark., 18, a constitutional right to bear arms in defense of person and property does not prohibit the legislature from making such police regulations as may be necessary for the good of society, as to the manner in which such arms shall be borne. Neither natural nor constitutional right authorizes a citizen to use his own property or bear his own arms in such way as to injure the property or endanger the life of his fellow citizen, and these regulations must be left to the wisdom of the legislature, so long as their discretion is kept within reasonable bounds. And it is not unreasonable for the legislature to enact that deadly weapons shall not be worn concealed, that those associating with the bearer may guard against injury by accident or otherwise.

The record does not show sufficient evidence in every particular, but the bill of exceptions does not show that all the evidence is copied in the record, hence the presumption is in favor of the finding. Upon the whole record we find no error to the prejudice of the defendant, and the judgment of the Ashley circuit court is affirmed.