# Preston *v.* The State.

*Indictment for Carrying Concealed Weapons.*

1. *Drawing grand jurors; defect in, how available.* —It is not necessary for the record, in a criminal case, to show affirmatively that the grand jurors were drawn in the presence of the officers to whom that duty is by law committed : if they were not so drawn, that is matter for a plea in abatement.

2. *Carrying concealed weapons; what will not excuse.* —It is no excuse for carrying a pistol concealed about the person (Code, § 4109), that the defendant was engaged to play a part in which a pistol was to be used, in a school exhibition to take place on another day.

FROM the Circuit Court of Lee.
Tried before the Hon. JAMES E. COBB.

The indictment in this case charged, that the defendant "carried a pistol concealed about his person." There was no demurrer to the indictment, nor any plea in abatement; and the trial was had on issue joined on the plea of not guilty. "On the trial," as the bill of exceptions states, "there was evidence that the defendant was one of the participators in a school exhibition; that the part assigned to him, in one of the plays, was a dialogue with another person, wherein it was required that he should have a pistol; that the practicing for the exhibition, in plays in which defendant had no part, was taking place at the school-house at night, but the play in which he was to act was not to be played that night; and that the defendant had his pistol concealed outside the house, and drew it in a personal difficulty not connected with the performance. The defendant asked the court to give the following charge to the jury, which was in writing: 'If the jury find that the defendant only carried a pistol in his pocket as a participator in an exhibition, or practicing at an exhibition, wherein his part required him to have such pistol in his pocket, then they must find him not guilty.' The court refused to give this charge, and the defendant excepted to its refusal." This is the only matter shown by the bill of exceptions. The jury having returned a verdict of guilty, assessing a fine of fifty dollars, the court thereupon rendered judgment against the defendant, "for the amount of the fine so assessed, and also the costs and fees in this case."

There is an assignment of errors on the transcript, but without signature, as follows: "1. The grand jury that found the indictment was illegal, as there is nothing to show that the proper officers participated in drawing the same: it was only the act of the clerk. 2. There is no order of the court completing the grand jury, but merely an assertion of the clerk to that effect. 3. The judgment of the court is wrong, being entered for the fine, costs, and fees. 4. The refusal to charge as requested was error."

H. C. LINDSEY, for the defendant.

H. C. TOMPKINS, Attorney-General, for the State.

MANNING, J.—Appellant was indicted for carrying a pistol concealed about his person.

The objection of illegality, because it is not declared in the record that the names of the persons who were summoned to serve as grand jurors were drawn by the officers to whom the law committed that duty, cannot be sustained. The process of this drawing is never entered on the minutes

of the court. That act is performed some time before the term of the court begins. When the court is opened, the persons summoned by the sheriff, and named in the *venire* previously issued, which he brings with his return thereof into court, are called; and a grand jury is then constituted. With the recital of the opening of the court, and of these proceedings therein, the record of the cause properly commences. And if a person who is indicted for any offense, wishes to object that the grand jurors, by whom the accusation is made, were not drawn in presence of the officers designated by law, he must do so by plea in abatement. Code of 1876, §§ 4889, 4890.

2. The fact that defendant was engaged to play a part in which a pistol was to be used, in a school exhibition on the next or a different day from that on which he carried a pistol concealed, and drew it in a personal difficulty with another, afforded no excuse for the offense with which he was charged. The circuit judge did not err in refusing to give the instruction asked.

Let the judgment be affirmed.