# Harman v. The State.

*Indictment for Carrying a Concealed Pistol.*

1. *Carrying concealed pistol; can not be carried within curtilage of defendant's abode.*—Under the provisions of the act of February 19th, 1881, amendatory of section 4109 of the Code, (Pamph. Acts 1880–1, p. 38), it is no defense to an indictment for carrying a pistol concealed about the person, that the defendant, at the time of the commission of the act, was within the curtilage of his own abode. No such exception is made by the statute.

[Jackson & Dean v. The State.]

APPEAL from Tallapoosa Circuit Court.

Tried before Hon. JAMES E. COBB.

At the fall term, 1881, of said court, Henry Harman was indicted for carrying a pistol concealed about his person; and at a subsequent term he was tried and convicted thereof. The evidence was uncontroverted that he carried the pistol concealed about his person, as charged, but it was shown that, at the time, he was within the curtilage of his place of abode. The defendant asked the court in writing to charge the jury as follows: "That if the evidence on behalf of the State only shows that the defendant was at his home and within the curtilage of his place of abode at the time the pistol was carried, then it is immaterial whether he carried it concealed or not, and they must find the defendant not guilty." The court refused to give the charge, and he excepted.

L. W. MARTIN, for appellant. (No brief came to the hands of the reporter).

H. C. TOMPKINS, Attorney-General, for the State, cited Acts of 1880-1, p. 38; *Owen v. The State*, 31 Ala. 387.

STONE, J.—The act to amend section 4109 of the Code, approved February 19th, 1881—Pamph. Acts 1880-1, 38—is plain and positive in its terms. It contains no exception in favor of persons within the curtilage of their own abodes. The charge asked was rightly refused.—*Owen v. The State*, 31 Ala. 387.

Affirmed.

