## W. S. STRAHAN v. THE STATE.

CONCEALED WEAPONS.  *Code* 1880, § 2985.  *Intent not material.*
    Code 1880, § 2985, makes the *fact* of carrying a concealed weapon criminal,
      regardless of the *intent* with which it is carried.

FROM the circuit court of Covington county.

HON. A. G. MAYERS, Judge.

Appellant was convicted of carrying a concealed weapon contrary to § 2985, code 1880.

There is no conflict in the evidence.  One Webster, who was sheriff of Covington county, gave his pistol to appellant for the purpose of having it repaired.  Appellant was accustomed to do such jobs, and after receiving the pistol carried it to his home some two or three miles distant, and afterwards, at Webster's request, brought it back.  While on his way, he carried the pistol in his pocket for the sake of convenience.

The court refused an instruction asked by appellant that the jury should acquit under the foregoing facts.

*J. F. N. Huddleston* and *Robert Lowry*, for appellant.

There was an absence of criminal intent, and the case does not come within the evils intended to be prohibited by the legislature.

*T. M. Miller*, attorney-general, for the state.

The case is clearly within the letter of the statute.  *Walls* v. *State*, 7 Blackf. 572.

Defendant's motive or intention constituted no part of the offense.  It had nothing to do with the guilt or innocence of the *fact* charged.

COOPER, J., delivered the opinion of the court.

The court properly refused the instruction asked by the appellant, and the verdict of guilty is sustained by the evidence.

The defendant did the act forbidden. by the statute, which makes the prohibited *fact* and not the *intent* criminal.  Bishop on Statutory Crimes, § 789 ; *State* v. *Speller*, 86 N. C. 697 ; *Preston* v. *The State*, 63 Ala. 127 ; *Titus* v. *The State*, 42 Texas, 578 ; *Carroll* v. *The State*, 28 Ark. 99 ; *Walls* v. *The State*, 7 Blackf. 572.                                                *Affirmed.*