# Dunston v. The State.

## Indictment for Carrying Concealed Pistol.

1. *No exception in favor of place in carrying concealed pistol.*—The facts, if proven, that a defendant who is charged with carrying a concealed pistol, was in his home when carrying the pistol concealed upon his person, and that until the time of his arrest he was alone, neither avoid the operation of the statute nor excuse its violation.

APPEAL from Geneva Circuit Court.
Tried before Hon. A. H. ALSTON.

The facts were that the defendant was arrested by officers in his cabin, and on being searched a pistol was found concealed about his person. There was no evidence that he had at any time left the cabin with the pistol or that any one had been present with him in the room except the officers when they went to arrest him.

JAMES B. COX, for appellant, cited, *Owen v. State,* 31 Ala. 387.

CHAS. G. BROWN, Attorney-General, for the State, cited, *Hammon v. State,* 69 Ala. 248; *Owen v. State,* 31 Ala. 387.

SHARPE, J.—Neither by the letter nor by the spirit of the statute prohibiting the carrying of weapons concealed about the person is any exception created in favor of *place.* One of the objects of the law is the avoidance

of bad influences which the wearing of a concealed deadly weapon may exert upon the wearer himself, and which in that way, as well as by the weapon's obscured convenience for use, may tend to the insecurity of other persons.—*Owens v. State,* 31 Ala. 387; *Reid v. State,* 1 Ala. 612.

The mental suggestions which proceed from constant contact with weapons specially adapted to, and usually worn for the purpose of inflicting bodily harm to persons, may come as well when the wearer is in his domicil as elsewhere. The only matter relied on to acquit the defendant is that he was in his home when carrying the pistol concealed upon his person and that until the time of his arrest he was alone. This neither avoids the operation of the statute nor excuses its violation.—*Harmon v. State,* 69 Ala. 248; *Owens v. State, supra.* The judgment will be affirmed.