## STATE OF MISSOURI, Respondent, v. MATHIAS W. VENABLE, Appellant.

### Kansas City Court of Appeals, April 2, 1906.

1. **TRIAL PRACTICE: Defense: Instructions: Curing Error.** An instruction requiring the finding of facts which necessarily exclude the defense need not refer to such defense; but where the State's entire case may be admitted and yet the defense exist, such defense cannot be ignored in an instruction covering the case, and other instructions submitting the defense will not cure the error.

2. **CONCEALED WEAPONS: Threats: Statute: Good Faith: Instruction.** The statute makes it a good defense to carrying a concealed weapon that the defendant can show that he has been threatened with great bodily harm or had good reason to carry the same in necessary self-defense, and it is error on proper evidence to fail to submit such defense to the jury; and if the defendant bona fide believe such threats or such necessity, he would be justified in arming himself though in point of fact he was in no danger.

3. **———: ———: Evidence: Communication.** Evidence of threats communicated to the defendant before the time charged in the information should be admitted by the court; and two slight criticisms are made on the admission of evidence; and the information and evidence are deemed sufficient to support the conviction.

4. **———: Defendant's Farm: Instructions.** A man may defend himself whether on or off his own farm, but the statute concerning concealed weapons makes no exception that will warrant an instruction that a defendant had a right to carry concealed weapons while on his own farm.

Appeal from Harrison Circuit Court.—*Hon. George W. Wannemaker,* Judge.

REVERSED AND REMANDED.

*J. M. Sallee* for appellant.

(1)    There is no evidence to sustain the verdict in this case. The rule in such cases is, that there must have been a concealment of the weapon, and this was not proved by the State beyond a reasonable doubt. 2 Wharton's Criminal Law, sec. 1557; Ridentur v. State, 65 Ind. 411; Smith v. State, 69 Ind. 140; State v. Hale, 70 Mo. App. 145; State v. Ballard, 104 Mo. 634. (2) Where there is a failure of evidence, or it is so weak that the necessary inference is that the jury acted from passion, prejudice or partiality, appellate courts will not hesitate to set aside the verdict. State v. Ballard, 104 Mo. 634; State v. Primm, 98 Mo. 368; Spohn v. Railroad, 87 Mo. 74; Whitsett v. Ransom, 79 Mo. 258; Baker v. Stonebraker's Adm., 36 Mo. 345; Garrett v. Greenwell, 92 Mo. 120. (3) In the case of State v. Primm, 98 Mo. 373, SHERWOOD, J., in speaking for the court says: "This is the rule uniformly announced in civil cases and in those which are criminal we have never abdicated the right we possess to overturn verdicts which are not based upon the corner stone of substantial justice." State v. Packwood, 26 Mo. 340; State v. Burgdorf, 53 Mo. 65; State v. Mansfield, 41 Mo. 470; State v. Daubert, 42 Mo. 239; State v. Brosius, 39 Mo. 534; State v. Castor, 93 Mo. 242; State v. Jaeger, 66 Mo. 173. (4) While it is true that this boy Lee Riley had been arrested for shooting at the defendant and a trial had been had in the last term of the Harrison Circuit Court, it was incompetent and prejudicial to the defendant to inquire on cross-examination about that matter when it had not been referred to in the examination in chief. State v. Graves, 95 Mo. 510; State v. Elmer, 115 Mo. 401; State v. Chamberlain, 89 Mo. 129; State v. Patterson, 88 Mo. 88; State v. M'Laughlin, 76 Mo. 320; State v. Turner, 76 Mo. 350; State v. McGraw, 74 Mo. 573; State v. Douglass, 81 Mo. 231; State v. Porter, 75 Mo. 171; State v. Brooks, 92 Mo. 542; State v. Bulla, 89 Mo. 595; State v. Brannum, 95 Mo. 19; State

v. Hathhorn, 166 Mo. 239. This case says the ruling in the case State v. Brooks above cited is not in accord with the other decisions and should not be followed. State v. Trott, 36 Mo. App. 29. (5) The court erred in refusing to give instruction numbered 1 and in refusing to give instructions numbered 2 and 3 as offered and in modifying them and giving them as modified. By section 17, article 2, Constitution of Missouri, every citizen is given the right to keep and bear arms in defense of his home or property. His home being his castle the public cannot interfere with his right to keep and bear arms, and it is only when this right is exceeded by carrying a revolver off of his premises that the law stops him unless he brings himself within the statute. State v. Ulrich, 96 Mo. App. 689.

*S. P. Davisson* for respondent.

(1) The verdict is in accordance with the law in the case, and the judgment as rendered complies with all the requirements of the law. (2) The verdict is sustained by the evidence. (3) The appellate court will not set aside a verdict upon an appeal upon the ground that the verdict is not sustained by the evidence, unless there be a total failure to support it. State v. Alfrey, 124 Mo. 393; State v. Moxley, 115 Mo. 652. (4) The court properly declared the law on the part of the State in giving instructions numbered 1, 2, 3 and 4 and the instructions on behalf of the defendant numbered 1, 2, 3, 4, 5 and 6 covered all the law to which the defendant was entitled. State v. Wilforth, 74 Mo. 528; State v. Shelby, 90 Mo. 302. (5) The information is good in that it ends with the words "against the peace and dignity of the State."

ELLISON, J.—The defendant was charged under section 1862, Revised Statutes 1899, in an information, with carrying concealed weapons, a revolver. He was convicted in the trial court.

I. Among other defenses was that the prosecuting witness had threatened the life of defendant and that in consequence he had a right, under section 1863 of the statute, to carry the revolver. There was evidence tending to sustain the defense. Yet the court gave an instruction for the State peremptorily directing the jury to find defendant guilty if they believed he carried the concealed weapon; wholly ignoring his defense of threats. This was error.

If an instruction for the State requires the jury to find facts which necessarily exclude the defendant's defense, then such defense need not be referred to. But in a case of this kind, where the defendant could admit the entire hypothesis submitted in the State's instruction and yet innocent on account of his defense, such defense should not be ignored. This error was not cured by instructions for the defendant which submitted his defense. The instruction for the State was absolute and made no reference to other instructions in the cause. Together, they were confusing and liable to do great harm.

II. Defendant asked an instruction which informed the jury that if threats had been made to kill him or to do him great bodily harm, which he had good reason to believe, that he had a right to carry the revolver; "and that this is true although the jury may believe that said defendant was in no danger of being killed or receiving any personal or bodily injury or harm." The court struck out that portion of the instruction in quotation. This, we think, was error. The statute (section 1863) provides that it shall be a good defense for carrying the weapon, "if the defendant shall show that he had been threatened with great bodily harm, or had good reason to carry the same in the necessary defense of his person, home or property." We think that in order to justify the defendant in carrying a concealed weapon he must have believed that there was danger of the threat being executed. He could not make what he knew to be an idle

or vain threat an excuse for carrying the forbidden weapon. But, on the other hand, if he did believe the threat might be executed, it would justify him in arming himself, though in point of fact there was, in reality, no danger of its being executed.

III. A witness testified that he had a conversation with Bunce Stewart. That the latter was angry and talking in a threatening and excited manner; that his talk was in reference to killing defendant and that he said that he ought to kill the defendant. It is difficult to say, from the record, just when this threat was communicated to defendant. The witness stated that he told him of it before the time when it is charged defendant carried the weapon. Then he made a statement which puts the matter in doubt. If the threat was communicated to defendant before the time charged in the information, it should have been received in evidence, since it tended to make up defendant's defense.

With one exception, we do not discover any substantial error in the rulings which the court made on the evidence. The ruling on the extent of the cross-examination of defendant was really in accord with the objection made, since reference to a former trial was excluded. Other rulings were not prejudicial to defendant, except that as to the question propounded to witness Riley as to why he stated he did not know how many times the revolver would shoot.

We think the information sufficient as drawn. So we are also of the opinion that there was sufficient evidence, considering reasonable inferences to be drawn therefrom, to support the charge therein.

IV. Defendant offered and the court refused instructions which declared that defendant had a right to carry concealed weapons "while on his own farm." As the place fixed where defendant had the concealed weapon was in his field where he was drilling wheat, the instructions, if correct, were vitally important to defend-

ant. We are, however, of the opinion that they were properly refused. It is urged that the law guarantees the defendant the right to defend himself on his farm; and so it does, whether on or off such farm, but the statute makes no exception of that kind in the carrying of concealed weapons.

The judgment will be reversed and the cause remanded. All concur.