THE STATE OF MISSOURI, Respondent, v. EVERETT CASTO, Appellant.

Kansas City Court of Appeals, July 2, 1906.

1. **CRIMINAL LAW: Concealed Weapons: Instruction: Burden of Proof.** On trial of an information for carrying concealed weapons, an instruction casting burden of proof upon the defendant to show that he had good reason to believe and did believe that it was necessary for his defense is error since when he proved his life was threatened, he made defense under the statute, and burden of showing otherwise devolves upon the State.

2. ————: ————: ————: **Broken Pistol.** Defendant's evidence tended to show that he had a broken pistol, the mainspring being broken, which he had taken to the shop for repairs but found the same closed and consequently had the pistol on his person. *Held*, he was entitled to an instruction submitting such defense since, if the pistol was broken he was not guilty of carrying a concealed deadly weapon.

### Separate Opinion by Ellison, J.

1. ————: ————: ————: **Burden of Proof: Good Faith.** When the defendant shows that he was threatened and in consequence armed himself, he presumptively makes a showing that the

threat was real and not a pretense for the law will not presume him dishonest or seeking to evade it by a sham; but if so, the State must make it appear.

2. ———: ———: ———: ———. There may be a good reason for carrying a weapon aside from a threat and if so the defendant should show such thing which on the face would constitute good reason for his belief and the necessity of thus defending his person, home or property and in so doing would make a prima-facie defense which the State must uncover.

3. ———: ———: ———: ———. The burden of proof at any state of the case rests on him against whom judgment would go without further evidence, or again, on him who advances a proposition.

Appeal from Benton Circuit Court.—*Hon. Charles A. Denton,* Judge.

REVERSED AND REMANDED.

*T. C. Owen* for respondent.

*D. Brunjes* for appellant.

No briefs filed.

BROADDUS, P. J.—The defendant was prosecuted by information on two counts: one for carrying concealed weapons on his person; and the other for the exhibition in a rude and threatening manner in the presence of divers persons a certainly deadly weapon. The jury on direction of the court rendered a verdict of not guilty on the second count. After hearing all the evidence and the instruction of the court, the jury rendered a verdict of guilty on the first count. After ineffectual motion for new trial and in arrest of judgment, the defendant has brought the case here by appeal. Neither side has filed any abstract, statement or brief. But in such cases the law requires us to examine the record and do justice to defendant.

We have examined the information and find it con-

tains the usual and necessary recitals. There was abundant evidence that the defendant did carry upon his person a certain deadly weapon, a revolving pistol, as charged in the information. In his defense he showed that threats had been made against his life. He testified that the pistol was broken and he had taken it up that night to a shop to have it fixed, but could not get in; that the main spring of it was broken and that it was still in that condition.

The court gave a number of instructions, among which was the following: "The court instructs the jury that, even though from the evidence you believe that defendant carried, concealed about his person, a certain deadly and dangerous weapon, to-wit, a revolving pistol, yet, if from the evidence you further believe that at the time he had been threatened with great bodily harm, or had good reason to believe that it was necessary for him to carry the same in defense of his person, you will find him not guilty, *but before you can find the defendant not guilty it devolves upon him to show that at the time he so carried such pistol he had good reason to believe and did believe that the carrying of the same was necessary to his defense.*"

That part of the instruction, italicized, which cast the burden on defendant of proving that he had good reason to believe and did believe that it was necessary for him to carry the pistol in self-defense, was error. When he proved that his life was threatened, he made out a good defense under the statute. Section 1863, Revised Statutes 1899, allows a citizen to carry a concealed deadly weapon in certain instances—one where his life has been threatened, and another where he has good reason to carry the same in the necessary defense of his person, home or property.

. It is held by this court in the case of State v. Venable, 117 Mo. App. 501: "That in order to justify the defendant in carrying a concealed weapon he must have believed that there was danger of the threat being ex-

ecuted." But it is not therein held that the burden of proof rests upon defendant of showing that fact. We think when a defendant has shown that his life or person was threatened, and that he consequently armed himself with a pistol to defend himself against the danger of such threats, he has shown all that the statute contemplated he should show, and the burden of showing otherwise devolves upon the State.

The defendant asked the following instruction, which the court refused: "The court instructs the jury that if they believe, from the evidence in the case, the defendant, Everett Casto, had a broken pistol in his possession because he had been unable to find the machinist, who could repair the same, and not for the purpose of using the same as a deadly weapon when the opportunity presented itself, then you must acquit the defendant."

Although defendant had introduced evidence tending to show that his life had been threatened and that he had armed himself for self-defense, yet if on the night in question the pistol was not a deadly weapon because the mainspring was broken and could not be used as such, and if the reason for his having it in his possession at the time was because he could not find the machinist to repair it, he was not guilty of carrying a concealed deadly weapon within the meaning of the statute and he was entitled to have the jury consider his case from that standpoint. [State v. Murray, 39 Mo. App. 127; State v. Roberts, 39 Mo. App. 47; State v. Larkin, 24 Mo. App. 410.]

For the errors noted the cause is reversed and remanded. All concur.

### SEPARATE OPINION.

ELLISON, J.—The statute (section 1863, Revised Statutes 1899) reads that, "it shall be a good defense to the charge of carrying such weapon, if the defendant

shall show that he has been threatened with great bodily harm, or had good reason to carry the same in the necessary defense of his person, home or property." There is no doubt that a mere sham threat, known to be such by an accused, would not justify him in carrying a concealed weapon. In illustration, a case may be supposed of one getting some other to threaten his life, so as to afford him an excuse for arming himself. The law, of course, would not tolerate such evasion or fraud upon itself. So therefore, it is necessary that a defendant must have believed the threat was real and not a pretense. [State v. Venable, 117 Mo. App. 501.] If we concede that the statute, in requiring the defendant to show that he has been threatened, requires him to show that he believed the threat was real, I am of the opinion that he makes such showing, presumptively, when he shows that he was threatened and, in consequence, armed himself. For the law will not presume him dishonest; nor that he was seeking to evade the law, by setting up a sham threat. So if he satisfactorily proves that in consequence of the threat, he armed himself, nothing more appearing, he would be entitled to an acquittal. If he is attempting an evasion and practicing a fraud, that should be made to appear by the State.

As to the second statutory justification which he may show for carrying a concealed weapon, viz., that he "had good reason to carry the same in the necessary defense of his person, home or property," there may be some "good reason" aside from a threat which induced him to carry the weapon. In showing such reason, whether threat or other thing, the defendant would show such things, which on their face would constitute a good reason for him believing it was necessary in the defense of his person, his home or his property. In making such showing he would make out a *prima facie* defense entitling him to an acquittal, if believed by the jury. If the State wished to uncover such *prima facie* defense, the burden would be upon it to do so.

A learned author on criminal evidence states that whether the proposition be affirmative or negative, the party against whom a judgment would be given, as to a particular issue, supposing no further proof to be offered, has on him, at that particular period, the burden of proof, which he must satisfactorily sustain. And that the State first proves its case beyond a reasonable doubt; whereupon the defendant either contradicts this, or offers proof in confession and avoidance. The burden is on him who advances the proposition to prove it. [Wharton's Crim. Ev., sec. 322.]