## PEOPLE v. DEMORIO.

(Supreme Court, Appellate Division, Second Department. January 10, 1908.)

1. WEAPONS—CARRYING PISTOL—RIGHT ON ONE'S OWN PREMISES.

Under Pen. Code, § 410, declaring it an offense if one shall have or carry concealed on his person in a city a pistol, it is no defense that a person is on his own premises.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Weapons, § 8.]

2. SAME—INTENT—EVIDENCE—PRESUMPTION.

Under Pen. Code, § 410, declaring it an offense if one shall have or carry concealed on his person a pistol, there being no provision as to intent to use the same, the intent may be presumed from the commission of the act.

Appeal from Court of Special Sessions.

Francesco Demorio was convicted of violating Pen. Code, § 410, and appeals. Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

Thomas Kelby, for appellant.
Peter P. Smith, for the People.

PER CURIAM. That part of section 410 of the Penal Code pertinent to this case provides:

"Any person over the age of sixteen years, who shall have or carry concealed upon his person in any city or village of this state, any pistol, revolver, or other firearm, without a written license therefor, theretofore issued to him by a police magistrate of such city or village, or in such manner as may be prescribed by ordinance of such city or village, shall be guilty of a misdemeanor."

There is no dispute that the defendant was found outside of a bar in a barroom with a revolver in his pocket. The appeal rests upon the contention that the defendant was on his own premises and that any proof of intent was lacking. The statute does not contain any exception which permits the carrying while on one's own premises of such a weapon concealed about the person. 2 Wharton on Criminal Law, pp. 435, 436, says:

"It is no defense that the weapons, when there is no such exception in the statutes, were only carried about in the defendant's own house."

Bishop on Statutory Crimes, § 789, says:

"Nor will it avail him that the carrying was on his own premises unless the statute has this exception"—citing cases.

See, too, Harman v. State, 69 Ala. 248; Carroll v. State, 28 Ark. 99, 18 Am. Rep. 538; Dycus v. State, 6 Lea (Tenn.) 584; Maupin v. State, 89 Tenn. 367, 17 S. W. 1038.

The mere fact that a man carries such a weapon in his own curtilage does not warrant the conclusion that he would not use it if occasion offered, and does not negative the conclusion that he did not have it under such circumstances for any wrongful offensive or defensive purposes. This part of the statute quoted does not contain any provision as to intent to use the same; hence the intent may be presumed from the commission of the act. People v. Herrick, 13 Wend. 87; Stokes v. People, 53 N. Y. 164–179, 13 Am. Rep. 492; Rex v. Woodfall, 5 Burr. 2667. See, too, Lawson on Presumptive Evidence, rules 65, 66, pp. 266, 271; Cutsinger v. Commonwealth, 7 Bush, 392; Strahan v. State, 68 Miss. 347, 8 South. 844.

Moreover, section 411 provides that the possession under such circumstances is presumptive evidence. Testimony as to the defendant's character was not rejected, but was admitted. The comment of one of the three members of the court following the statement of counsel as to the number of witnesses as to character that "the question was whether the defendant had the right to carry the pistol or not" does not indicate that the court failed to take into consideration all of the evidence, including that as to the good character of the defendant.

The judgment is affirmed.