## STATE *vs.* FORTUNATO GAGLIOTA.

1. WEAPONS—DEFENDANT CARRYING CONCEALED WEAPON IN OWN DWELLING HOUSE, HELD GUILTY OF MISDEMEANOR UNDER STATUTE.

   A statute making the carrying of a concealed deadly weapon on or about the person a misdemeanor is violated, if defendant carried such weapon in his dwelling house only; the statute making no exceptions as to locality.

2. CONSTITUTIONAL LAW—COURT CANNOT RESTRICT OR CHANGE PHRASEOLOGY.

It is not the province of the court to restrict or change the phraseology of a statute.

(*October* 5, 1923.)

RODNEY, J., sitting.

*Clarence A. Southerland*, Deputy Attorney-General, for the State.

*J. Frank Ball* and *Phillip L. Garrett* for defendant.

Court of General Sessions, New Castle County, September Term, 1923.

Indictment for carrying concealed a deadly weapon, No. 215, May Term, 1923.

RODNEY, J., charging the jury:

In this case the defendant, Fortunato Gagliota, of the city of Wilmington, is charged in this indictment with having, on the 22d day of April, in the present year, unlawfully carried concealed a deadly weapon upon or about his person, other than an ordinary pocket knife. The indictment is laid under a statute of this state which provides that "whoever shall carry concealed a deadly weapon upon or about his person, other than an ordinary pocket knife, shall be deemed guilty of a misdemeanor," and shall be punished as the law then provides.

[1, 2] I have been asked to instruct you to return a verdict of "not guilty," because the testimony of the carrying of the concealed deadly weapon is confined to the fact that it was so carried in the dwelling house of the defendant. This I decline to do. The offense charged in the statute is carrying the weapon concealed about his person. The statute is general in its terms as to locality, and there is no provision excepting the defendant's house or other place. While the question has not heretofore arisen in this state, the courts of other jurisdictions have passed directly upon it. From the almost uniform current of the law, I am convinced that unless there is an exception in the statute, it is no defense that the weapons were carried only in the defendant's own house and that it is not the province of the court to restrict or change the phrase-

ology of the statute. *People v. Demorio*, 123 *App. Div.* 665, 108 *N. Y. Supp.* 24; *Carroll v. State*, 28 *Ark.* 99, 18 *Am. Rep.* 538; *Dunston v. State*, 124 *Ala.* 89, 27 *South.* 333, 82 *Am. St. Rep.* 152; *Brown v. State*, 114 *Ga.* 60, 39 *S. E.* 873; *State v. Venable*, 117 *Mo. App.* 501, 93 *S. W.* 356; *Harman v. State*, 69 *Ala.* 248; *Dycus v. State*, 6 *Lea* (*Tenn.*) 584.

(The court also gave the usual charge as to presumption of innocence and reasonable doubt.)