PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. AMELIO PAGÁN, Defendant and Appellant.

No. 5073. Argued May 2, 1933.—Decided May 17, 1933.

González Fagundo & González, Jr., for appellant. R. A. Gómez for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

On February 27, 1932, Amelio Pagán came to the police station at Juncos in order to report that a horse had been stolen from the farm of his employer, Angel González; and upon the police discovering that he had a revolver under his shirt, the same was taken from him. He was convicted of carrying a prohibited weapon and took this appeal from that judgment.

The appellant admits that he was carrying said weapon, but he offered evidence to show that such carrying was not unlawful. To that end he produced two witnesses, Angel González, and Angel Ríos Carrillo, the chief of police of Juncos. The former testified that on account of the frequent fires and destruction of tobacco plantations which were then taking place in Juncos, he gave his employee, Amelio Pagán, a revolver to watch over the farm; that Pagán told him that a horse had been stolen from the farm and that the revolver given him was not in working order, a fact that he verified, for which reason he ordered him to go to the town of Juncos, inform the police of the disappearance of the horse, and take the revolver to a blacksmith to have it repaired, because he needed it; that the revolver was disabled. The chief of police testified that he examined the revolver found on Amelio Pagán and saw that it did not work because the spring imparting motion to the cylinder and the trigger was

defective. The cross-examination by the prosecuting attorney did not destroy said testimony, nor was there any evidence introduced to overcome the same.

The *Fiscal* of this Supreme Court admits that, according to such evidence, the defendant was not carrying the revolver unlawfully, and hence that he should be discharged.

We have heretofore held, in *People* v. *Ortega,* 35 P.R.R. 715, that the intent in carrying a weapon is an element to be considered. In *People* v. *Borges,* 23 P.R.R. 486, it was declared that the mere fact that the defendant stepped from his own land into the road in order to surrender to an officer of the law a revolver with which he had protected his life, was not an offense; and we also said that if instead of sending for the police he had proceeded in person, with his revolver in his pocket, to the nearest police station in order to inform the authorities of what had occurred and to deliver the weapon, he would not have been guilty of carrying a weapon; and in *People* v. *Gely,* 37 P.R.R. 866, we also declared that carrying a razor to a barber shop to have it sharpened was not an offense. In *State* v. *Casto,* 119 Mo. App. 265, 95 S. W. 961, it was held that one who carried a pistol, which could not be used as such because its mainspring was broken, was not guilty of an offense, where the reason for his having it in his possession was because he could not find the person who was to repair it.

The judgment appealed from must be reversed and the defendant discharged.