## CRAWFORD *v.* THE STATE.

1. The written request to charge the jury not being in its terms adapted to the facts in evidence or even to the statement of the accused, but being more comprehensive than either, there was no error in denying the same.

2. Under the statute prohibiting the carrying of a pistol concealed about the person (Code, §4527), so carrying a broken and inefficient pistol, even though it be carried for the purpose and with the intent of having it repaired, is an offense; certainly so if, while on his way to or from the shop, the individual superadds to his original purpose and intention a resolution to produce the pistol suddenly and use it in making a hostile demonstration

against one whom he happens to encounter whilst he has the pistol concealed.

October 15, 1894.

Indictment for carrying concealed weapons.' Before Judge Ross. City court of Macon. September term, 1894.

J. W. PRESTON, for plaintiff in error. W. H. FELTON, Jr., solicitor-general, by HARRISON, & PEEPLES, *contra*.

LUMPKIN, Justice.

1. The court was requested to charge the jury as follows: "Every carrying of concealed weapons by a person is not a crime. There are certain exceptions which excuse one having a weapon concealed upon his person. One is, when an officer is in discharge of his duty. Another is, in time of war, and when martial law has been declared. Another is, when a person carries a broken pistol to a shop to have it repaired; and one who carries a pistol simply for transportation. These, and such like, is not carrying concealed weapons, and is not a criminal violation of the statute." There was nothing either in the evidence or in the statement of the accused, to the effect that he was an officer in the discharge of his duty, or that a war was in progress, or that martial law had been declared. We therefore would not feel authorized to reverse the trial judge for refusing to give in charge a request referring to such irrelevant matters, even if the request was, in other respects, legal and pertinent. Besides, even by his own statement, the accused made a very weak case of carrying a broken pistol to a shop to have it repaired, or of carrying it simply for transportation. The court, therefore, had abundant reason for refusing the request, in any view of the matter.

2. Instead of giving the charge requested, the court charged: "That a person might carry a pistol in a

basket or bucket or wagon, or wrapped up in a paper so as to be hid from view, if he carry it simply for transportation or to a shop to have it repaired. But if he carry it about his person concealed, the fact that it is a broken pistol would make no difference; and if he carries such a pistol, though simply to have it repaired, concealed in his pocket or under his coat, he is guilty under the statute." Under the facts of this case, there was no error, as against the accused, in so charging. In *Boles* v. *The State*, 86 *Ga.* 255, this court held that a violation of section 4527 of the code, which prohibits the carrying of a concealed weapon about the person, might consist in carrying a pistol in a basket or bag upon the arm, "and not for transportation alone." Even if, by the use of the words just quoted, it was intimated that carrying a pistol in a basket or bag for transportation only would not be a criminal offense, there certainly was no intimation that carrying a pistol concealed upon the person, for any purpose, would fall short of being a violation of the section in question. Granting, however, for argument's sake (though we do not, by any means, wish to be understood as so holding), that one might lawfully carry concealed upon his person a broken and inefficient pistol for the purpose of taking it to a shop and having it repaired, we are quite certain the individual so doing criminally violates the law if he superadds to his original purpose a resolution to suddenly produce and use it in making a hostile demonstration against one whom he happens to encounter while he has the pistol so concealed. It appeared in this case, that while the accused was proceeding along the street with a pistol in his pocket, he became engaged in a quarrel and difficulty with other persons, in the course of which he suddenly pulled the pistol from his pocket and pointed it at one of them. Under these circumstances, we have no hesitation in

holding that the accused was guilty of the charge made against him, and that the jury were right in so finding.

*Judgment affirmed.*