PEOPLE v. PIGNATORO.

(City Magistrates' Court of New York City. September, 1911.)

1. STATUTES (§§ 174, 175\*)—CONSTRUCTION—GENERAL RULES.

In construing an act of the Legislature, the courts must not only, if possible, uphold its validity and declare the legislative intent, but they must, where the language is ambiguous or seemingly destructive of established principles of justice, ascertain the evil to be remedied and, if possible, declare its true purpose.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 254; Dec. Dig. §§ 174, 175.\*]

2. WEAPONS (§ 13\*)—CARRYING WEAPONS—STATUTES.

Penal Law (Consol. Laws 1909, c. 40) §§ 1896, 1897, 1899, as amended by Laws of 1911, c. 195, respectively provide that a person who manufactures specified deadly weapons or sells or keeps for sale the same to any person under the age of 16 years is guilty of a misdemeanor; that a person who attempts to use against another or carries or possesses any instrument or weapon such as a blackjack, dagger, dangerous knife, or other deadly weapon is guilty of a felony, that an unlicensed person over the age of 16 years who shall have in his possession in any city any pistol or firearm which may be concealed upon the person shall be guilty of a misdemeanor, or if he shall carry it concealed upon his person he shall be guilty of a felony, and any person, not a citizen, who shall carry firearms or dangerous weapons in any public place, shall be guilty of a felony, and that the unlawful carrying of any such weapon by one not a peace officer is a nuisance. *Held* that, as the purpose of the law was to prevent the unlawful carrying of weapons by thugs and criminals, minors, and aliens, the act is within the police powers

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the state; but, as the right to defend one's person and one's property is elemental, this act does not preclude such a defense, and in view of Penal Law, § 1898, providing that the possession by any person other than a public officer of any such weapon is presumptive evidence of an intent to use it in violation of law, the carrying of a concealed weapon without a license, where it is procured for the immediate defense of his person or property, is not unlawful, and the possessor is not guilty of a felony.

[Ed. Note.—For other cases, see Weapons, Cent. Dig. §§ 16, 17; Dec. Dig. § 13.*]

3. WEAPONS (§ 17*)—CARRYING WEAPONS—STATUTES—PRESUMPTIONS.
Under the above statutes, one carrying a concealed weapon without a license, who can give no reasonable excuse, is presumed to have possession of the same with unlawful intent; but, if the weapon has been procured for the defense of his person or property, the presumption does not arise, unless sufficient time has elapsed to enable him to procure a license.

[Ed. Note.—For other cases, see Weapons, Cent. Dig. §§ 20–33; Dec. Dig. § 17.*]

One Pignatoro was arrested for carrying a concealed weapon. Defendant discharged.

The defendant was arrested by Officer John Pierce, of the Sixty-First precinct, charged in an affidavit verified September 9, 1911, with being over 16 years of age, and not being a police or peace officer, and that he did have concealed upon his person, at St. Ann's avenue and 133d street, a revolver, without having a license therefor, in violation of chapter 195 of the Laws of 1911. The said chapter 195 of the Laws of 1911 of the state of New York amends sections 1896, 1897, and 1899 of chapter 40 of the Consolidated Laws, and the said sections are contained in what is generally known as the Penal Law.

The defendant was a watchman employed by one Joseph A. Tippelli. Tippelli is a contractor, and has a contract with the city for the repaving of the Southern Boulevard, from 133d to 138th streets, in the borough of the Bronx. Tippelli's testimony is to the effect that along the line of his work for several weeks depredations have been committed by different gangs of ruffians, and property to the amount of $150, including cement and tools, has been stolen. He has had one or more watchman along the line of work at night; but they have left him, giving as a reason that they were afraid of their lives on account of the gangs who infest the work. The gangs had thrown stones and refuse upon the line of his work, and greatly hampered and impeded him in the performance of his contract.

On Sunday, September 3d, he employed the defendant as a watchman, and he continued in that employment until Friday night, when he was attacked while engaged in his duties as such watchman by about 25 persons. He was afraid of them, and went into a saloon and kept himself concealed from them for some period of time, and then telephoned to his employer, Tippelli. When Tippelli arrived upon the scene, he found his watchman, the defendant, under arrest.

The testimony is clear that the defendant had a revolver and that he fired four shots therefrom. The defendant says he did not fire said shots at any person, but fired them into the air. The police officer who made the arrest corroborates him in that statement to the extent that he says he heard the four shots fired, and saw the flash of the last shot from the pistol, and that said flash pointed upward. The defendant is over 16 years of age, is not a citizen, and had no license to carry a revolver, and upon these facts the question before me is: Can the defendant be held for trial for a felony for violating section 1897 of the Penal Law.

Samuel Goldstein, for defendant.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

BUTTS, City Magistrate. Upon the facts as above set forth, established by the examination of the case at bar, the court is compelled to determine if the evidence is sufficient to hold the defendant for trial. The particular clause of section 1897 of the Penal Law under which the defendant, if the evidence establishes his probable guilt, must be held to answer is as follows:

"Any person over the age of 16 years, who shall have or carry concealed upon his person in any city, village or town of this state, any pistol, revolver or other firearm without a written license therefor, theretofore issued to him by a police magistrate of such city or village, or by a justice of the peace of such town, or in such manner as may be prescribed by ordinance of such city, village or town, shall be guilty of a felony."

[1] In construing an act of the Legislature, courts must, if possible, uphold its validity and declare the legislative intent as gathered from the act itself. But courts must do more. When a legislative act is assailed, and its language vague, ambiguous, or seemingly destructive of established principles of justice, courts must ascertain the existing evil such act proposed to remedy, the particular necessity for the enactment of the law, and then, if possible, declare its true intent and purpose. In doing so courts must also give such acts a reasonable construction—not a forced, unnatural, or ridiculous construction, which might tend to bring contempt upon the administration of justice.

[2, 3] It is my opinion that the object desired to be accomplished by the Legislature in passing the act under consideration was to discourage, and if possible prevent, the carrying of concealed weapons by evilly disposed, vicious persons, and minors under the age of 16 years; also to compel persons who habitually carry revolvers to obtain a license to carry the same. But the act was never intended, in my opinion, to subject a person to prosecution for a crime who, not habitually carrying a revolver, provided himself with one in an emergency to protect his person from a felonious assault, or who possessed and carried a weapon to be used under reasonable suspicion that his home was to be invaded in the nighttime by burglars. The person who habitually or otherwise carries a revolver without a license, and who can give no satisfactory or reasonable explanation for carrying' or possessing the same, may be guilty of a felony; but as it is lawful to protect one's person from felonious assault and one's property from felonious appropriation, and such right cannot be taken away or limited by any legislation, when such emergency suddenly arises, the possession of or the carrying of a revolver without a license does not, it seems to me, render such person liable to be convicted of a felony.

The test, I think, in every case must be: Was the possession of the revolver unlawful? Thus by the terms of said section 1897 the carrying or possession of a dagger, dirk, dangerous knife, razor, etc., is only unlawful when such possession or carrying is, in the language of the section, "with intent to use the same unlawfully against another." If the statute were strictly construed, if a law-abiding citizen bought a razor for his use and carried it home, such possession or carrying might expose him to a charge of a felony, imposing upon

him the burden of proof that such razor was not to be used as a weapon against another. Again, another clause of said section provides as follows:

"Any person not a citizen of the United States who shall have or carry firearms or any dangerous or deadly weapons in any public place at any time shall be guilty of a felony." ·

This provision of the above section is not new, except under the former law the offense was a misdemeanor, while under the present law it is a felony.

In upholding my view that the law in question must receive a reasonable construction, and that the possession of a revolver by a person not a citizen of the United States is not a felony, where the possession or carrying of such pistol is not unlawful, and is not possessed or carried to do unlawful injury to the person of another, let us imagine that a foreigner arrives upon our shores with a revolver upon his person. If the law is to be strictly and unreasonably construed, no matter how eminent or respectable he may be, if he lands upon a wharf in this city or state with a pistol in his pocket, he can be convicted of a felony and may be sent to prison for a term of seven years. Such a construction of the statute is revolting to every established principle of justice, but no more so ·than the construction that the mere possession or carrying of a revolver without a license under the circumstances I have described would make the person so carrying it or possessing it guilty of a felony.

Every case, of course, arising under this statute, must be decided upon its merits. There can be no hard and fast rule of construction. In the determination of a given case the court will look into all the circumstances bearing upon the case. Should a defendant give no reasonable or valid explanation of his possession or carrying of such revolver, the court would be warranted in holding that he is of the class to which I have referred, who habitually, without just cause, carry or possess a revolver, and who therefore unlawfully carry and possess the same, and, not having a license so to do, such persons' may be held for a felony. On the other hand, if not in the habit of carrying or possessing a revolver, a person is found with one who can give a straightforward, truthful, convincing reason to the court that such weapon was only carried for the purpose of lawful defense, or in case of emergency, or of imminent danger to his person or his property, then such possession is not unlawful, and such person is not one of that class who needs a license, and his carrying of such pistol without a license does not render him liable to prosecution for a felony.

In other words, the courts will, as I view it, read into the clauses of the statute in question that the possession or carrying of revolvers under certain circumstances is not unlawful, the same as the first clause of such section declares the carrying or possession of the dangerous weapons mentioned therein a felony only when carried with intent to use the same unlawfully against another. The very language of section 1899 implies that a revolver may be lawfully carried even without a license. It reads as follows:

"The unlawful carrying of a pistol, revolver," etc., "or weapon of the kind usually known as a blackjack, bludgeon, * * * dagger, dirk," etc., "is a nuisance."

The unlawful carrying of a pistol as above described does not mean that such carrying shall be unlawful without a license. I think that revolvers are placed in the same position as the other dangerous weapons referred to, the carrying of which is only unlawful by virtue of the section in question when carried with intent to use the same against another.

My view of the section under consideration is confirmed by reading section 1898 of the Penal Law, which provides as follows:

"The possession, by any person other than a public officer, of any of the weapons specified in the last section, concealed or furtively carried on the person, is presumptive evidence of carrying, or concealing, or possessing, with intent to use the same in violation of that section."

This section must be read and considered in connection with section 1897. The carrying or possession of a revolver or other dangerous weapons is only presumptive evidence that they were carried or possessed with intent to use the same unlawfully against another. If such presumption is overcome by substantial evidence, and the person does not habitually carry a revolver, but only possessed or carried the same, as the defendant in this case did, to protect his person from assault by the ruffians and thugs who were destroying at night the property of the employer that he was hired to guard and protect, then such possession is lawful without a license; and a defendant has not committed a felony.

My conclusions are as follows:

1. The act in question is valid and within the police powers of the state.

2. A person who has or carries concealed upon his person a revolver, and who can give no reasonable excuse, explanation, or justification therefor, if without a license, may be presumed to have possession of the same with unlawful intent, and may be found guilty of a felony.

3. A person who has a revolver, or who carries the same concealed upon his person, who may by reason of threats or otherwise have reason to fear felonious injury to his person or property, but where since such anticipated fear ample time has elapsed for the procurement of a license but none has been procured, may be presumed to have such revolver in his possession with unlawful intent, and may be found guilty of a felony.

4. But where a person is confronted with sudden and imminent danger, and is threatened with felonious assault, or his property is to be taken under circumstances amounting to a felony, the possession of a revolver by a person under such circumstances, for the protection of life or property, is not unlawful, even without a license.

5. Where a person is in the nighttime lawfully guarding and protecting his own property or that of another, and has in a sudden emergency or in imminent peril procured a revolver, as the defendant did in this case, and shoots off the same to attract the attention of the

police, for protection of himself and his property, in his case the possession of such revolver is not unlawful, even without a license, and he cannot be found guilty of a felony.

The law under consideration can be sustained, and ought to be sustained, if reasonably construed. The right of self-defense is an inherent right of man, older than states or Constitutions. Any construction of this law which enforces its strict letter will, in my opinion, jeopardize its usefulness, and render it liable to be declared void as against public policy, if not unconstitutional.

The defendant is discharged.