THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* LOUIS SIMONS, Defendant.

Court of Special Sessions of the City of New York, Bronx County, November 26, 1924.

Crimes — concealed weapons — defendant charged with possession of revolver in violation of Penal Law, § 1897 — weapon unfit for use, found in defendant's hand near his home where he claimed he was in search of burglars and missing maid — weapon not revolver or pistol within meaning of statute, though it may be dangerous — defendant discharged where evidence failed to establish violation of Penal Law, § 1897, beyond reasonable doubt.

A firearm which is totally unfit to be used as a pistol or revolver by reason of some mechanical defect which is of a permanent character, is not a pistol or

PEOPLE *v.* SIMONS. **29**

Misc. 28]    Court of Special Sessions, City of New York, November, 1924.

revolver within the meaning of section 1897 of the Penal Law. However, if it may be carried as a weapon of aggression or of defense, it may be classed as a dangerous or deadly prohibited instrument, even though it has ceased to be a firearm, and a conviction for its possession may be justified if the proper charge is contained in an information or indictment under subdivision 1 of section 1897 of the Penal Law.

Accordingly, the defendant, charged with the possession of a revolver in violation of section 1897 of the Penal Law, should be acquitted and discharged, where it appears that the weapon, which cannot be discharged by reason of some permanent mechanical defect, was found in defendant's hand on the highway near his home at about one-forty-five A. M.; that he told the policeman who apprehended him that he had been aroused from his sleep in the belief that burglars had entered his home; and that, upon finding the main door to his apartment open and his maid missing from her room, he went into the street, taking the revolver with him. The district attorney failed to establish a violation of the statute beyond a reasonable doubt.

VOORHEES, J., dissents.

PROSECUTION of the defendant for possessing a revolver in violation of section 1897 of the Penal Law.

*John E. McGeehan, District Attorney [Barney Mogilesky, Assistant District Attorney, of counsel], for the People.*

*Hartman, Sheridan & Tekulsky, for the defendant.*

FRESCHI, J.:

The information filed against the defendant contains three counts — the first charges the crime of unlawfully carrying and possessing a weapon, " a certain revolver with intent then and there to use the same unlawfully against some person to the district attorney unknown; " the second charges that the defendant " unlawfully did furtively carry, concealed on his person, the revolver in question with intent then and there to use," etc.; and the third charges that the defendant " unlawfully did possess a certain revolver by him then and there concealed and furtively carried on his person with like intent."

The undisputed facts are that at one-forty-five A. M. on June 24, 1924, a policeman found the defendant near his dwelling on the highway with the alleged " revolver " in his hand. At that time the defendant told the officer about having been aroused during the night from his sleep, of making a search of his premises in the belief that burglars had forced an entry therein; but finding, instead, that his housemaid was missing from her room and that the main door to his apartment was wide open, he then went to the street in search of the maid, whom he believed to be a somnambulist, taking with him the gun in question. Such is the testimony of the defendant and there is no reason to question his credibility in this regard.

Court of Special Sessions, City of New York, November, 1924.   [Vol. 124

When the officer examined the gun at the stationhouse he " found that the gun was not in good working condition," and at the trial he was unable to say whether it could be fired. An examination of the instrument satisfies me that in its present condition it cannot be fired at all, by reason of some mechanical defect which, it may be inferred, is of a permanent character.

The instrument with which the defendant armed himself, although he was actually mistaken about there being imminent danger of bodily harm to him, was available, not as a workable firearm; but it could be used like any blunt instrument for offensive or defensive. purposes, and if the prosecution can show in such cases that the instrument is capable of immediate use as a " dangerous or deadly instrument or weapon " and that such possession was coupled with an intent to so use it, then a case is made out under subdivision 1 of section 1897 of the Penal Law.

The burden of proof is with the prosecutor to show the character of the weapon and that it is within the terms of the statutory offense charged. And in this regard it must be noted that the theory of the prosecution as alleged is that the weapon illegally carried is a " revolver." The law applicable to this case (Penal Law, § 1897, subd. 4) regulating the possession and use of weapons, provides: "Any person over the age of sixteen years, who shall have in his possession in any city, village or town of this state, any pistol, revolver or other firearm of a size which may be concealed upon the person, without a written license therefor, issued to him as hereinafter prescribed, shall be guilty of a misdemeanor   *   *   *." Under this statute, an unlawful possession, actual or constructive, of a firearm of a size that can be concealed upon the person is prohibited. The defendant does not claim any statutory privilege here. Intent or motive for carrying the alleged pistol by this defendant is immaterial unless excusing facts can be shown or where it may become important to meet the inhibitions under the provisions of section 1898 of the Penal Law. If a broken and inefficient pistol be drawn and pointed at another in a quarrel this production of it to make a hostile demonstration violates the law. (*Crawford* v. *State*, 94 Ga. 772.) Defendant contends, however, that the main ingredient of the crime is lacking in that the instrument is neither a weapon nor a firearm.

The Cyclopedia of Law and Procedure (Vol. 40, p. 852) defines a weapon as " an instrument of offensive or defensive combat." It further states that " the term ' arms ' includes every description of weapon or thing which may be used offensively or defensively. A firearm is a weapon which acts by the force of gunpowder, and when the word ' weapon ' is used in a statute to denote firearms it

PEOPLE *v.* SIMONS. **31**

Misc. 28]    Court of Special Sessions, City of New York, November, 1924.

includes pistols even though they are unloaded or are in a broken and defective condition," citing *Redus* v. *State* (82 Ala. 53, 54); *Atwood* v. *State* (53 id. 508, 509); *Hutchinson* v. *State* (62 id. 3, 4); *Crawford* v. *State* (94 Ga. 772, 774); *Farris* v. *State* (64 Tex. Crim. 524, 530); *Miles* v. *State* (179 S. W. [Tex.] 567); *Cook* v. *State* (11 Tex. App. 19); *Evins* v. *State* (46 Ala. 88); *contra, Carr* v. *State* (34 Ark. 448, 450). (See, also, *Williams* v. *State*, 61 Ga. 417; *Steele* v. *State*, 166 S. W. 511; *Crain* v. *State*, 153 id. 155; *Mitchell* v. *State*, 99 Miss. 579; *Burnside* v. *State*, 105 id. 408; *State* v. *Casto*, 119 Mo. App. 265; *Lamb* v. *State*, 7 Ohio S. & C. Pl. Dec. 282; 7 Ohio N. P. 224.)

In *Farris* v. *State* (*supra*) the court charged the jury that if the pistol is so broken or out of repair that it cannot be used to shoot with, or it cannot be fired, it is not a violation of the law to carry the same; and in *Miles* v. *State* (*supra*) the defendant carried a pistol that would not shoot on account of a defective plunger which would not strike the cap and explode the cartridge. The trial court there refused to submit to the jury the question of fact as to whether the pistol was so defective that it could not be fired and the conviction was reversed, the appellate court writing: " The decisions are that it is not an offense to carry a pistol if it is so out of repair that it cannot be fired at all, and this, it seems, would include the fact, if so, that it was so defectively manufactured that it could not be fired at all." To the same effect is *State* v. *Casto* (*supra*), and *Blackburn* v. *State* (124 S. W. [Tex.] 666). In reversing the judgment of conviction in the *Evins Case* (*supra*) the court said: " We hold, that a pistol, to be within the purview and meaning of the statute and the mischief and evil intended to be prevented, must have such a degree of perfectness, as that it may reasonably be carried and used as a weapon. It is not enough that it has a stock, and a barrel that may be loaded and fired off by a match or in some other such way." In *Carr* v. *State* (*supra*) it is held that if it is affirmatively shown that the pistol is " wholly unfit for use " it rebuts the presumption that the weapon was worn to be used as such.

The defendant in the *Redus Case* (*supra*) carried a small pistol which could be fired by striking it with some object; and the court said that " neither completeness, impaired condition, nor efficiency, is a proper subject of inquiry, unless it has lost so many of its parts as to be harmless and worthless as a weapon — ceases to be a fire-arm. The condition of a pistol may vary, without destroying its essential nature."

The *Atwood, Hutchinson* and *Crawford Cases* (*supra*) follow the same principle. The jury in the *Crawford* case determined that the

pistol could be fired although the pistol, which was broken, was being carried to be repaired.

*Crain* v. *State* (*supra*) is distinguishable. There the gun was not out of repair and the dissembled parts of the pistol could be put together and made workable.

The pistol carried in the *Burnside Case* (*supra*) was so filled with dirt that it could not be loaded, unloaded or fired; besides, it was rusty and it could not be made to open or work. The court said: " From an inspection of the object, we conclude that it cannot now be called a pistol. It may have been at one time a pistol. It is possible to take the material contained in the thing, and, with addition of other materials, construct therefrom a pistol; but, because this is possible, we cannot see how it can be decided that the thing is now a pistol."

In the case of *Britton* v. *State* (124 S. W. [Tex.] 684) the court held it lawful for a person to carry a pistol, which was out of repair and did not shoot, to a repairer to be fixed and to carry it home therefrom. (See, also, *Underwood* v. *State*, 29 S. W. [Tex.] 777.)

The district attorney urges that no matter whether the instrument in question is workable or defective, temporarily or permanently, the act of the defendant violates the law inasmuch as he is charged with " possessing a weapon " with intent to use the same unlawfully against another; and he makes no attempt to discuss the sufficiency of the proof on the allegation of fact in the information that the " weapon " in question is a revolver. I shall rule on the point he urges. He cites section 1898 of the Penal Law as a basis for his argument that, if the defendant carried the dangerous weapon furtively, a presumption of fact of a purpose to use it illegally operates against the defendant. His contention amounts to this: that all firearms are dangerous weapons but that all weapons need not be firearms. No one can dispute that; but he reasons further that, if the instrument offered in evidence be not regarded as a firearm because of its defective condition, then the court should accept it any way as a dangerous weapon carried furtively by the accused to be used against burglars who he believed had entered his house and that, therefore, the presumption of a criminal intent under section 1898 of the Penal Law establishes the case against the defendant. Assuming that the district attorney has proven all the elements of a *prima facie* case, I think that the defendant's testimony conclusively rebuts the presumption of fact. Every possession of a firearm is not unlawful. Any number of cases might occur in which the possession of a firearm, perfect in its operation, might be outside the pale of the criminal law. (*People* v. *Pignatoro*, 136 N. Y. Supp. 155; *People* v. *Persce*, 204 N. Y. 397.)

It is quite true that a firearm which is totally unfit to be used as a pistol or revolver may, nevertheless, be carried as a weapon of aggression or of defense and be put to such use or attempted use as to indicate, as a fact, what the intent of the possessor was when he furtively carried it. What was at one time a perfectly good revolver or pistol, but which is now just a piece of useless metal, may still be possessed for criminal purposes, and a court or jury might, under certain circumstances, find that it is a dangerous weapon concealed and carried for unlawful use against another. Obviously, the condition of the alleged prohibited weapon illegally carried might be an important factor to be considered under an indictment such as is here filed. (*People* v. *Criscuoli*, 164 App. Div. 119.) I am inclined to the view that if the gun is imperfect and cannot be discharged at all, whether by hand or otherwise, having only the appearance of a pistol, the court cannot hold it to be a revolver or pistol within the meaning of our laws; but, if its purposes for which it was manufactured are impossible of execution by reason of permanent and irreparable defects, still the instrument may be classed as a dangerous or deadly prohibited instrument even though it has ceased to be a firearm and a conviction for its possession may be justified if the proper charge is contained in the information under subdivision 1 of section 1897 of the Penal Law.

Taking the theory of the defense for granted that the dilapidated gun in evidence is not a firearm, concerning which I entertain no doubt, but is a weapon, this court must decide *first*, whether it is dangerous or deadly, a fact to be determined by all the surrounding circumstances, and *secondly*, whether it was carried furtively, and, if so, *lastly*, whether it was so possessed " with intent to use the same unlawfully against another." The decision on these questions of fact must be favorable to the defendant in the light of the testimony; and the district attorney having failed to establish these elements beyond a reasonable doubt, I advise the acquittal of the defendant.

KELLY, J., concurs and votes to acquit on the ground that the so-called weapon was not a firearm as contemplated by section 1897 of the Penal Law. VOORHEES, J., dissents.

Defendant acquitted and discharged.