## VON E. CROSBY, MARVIN M. GROSS, CHARLES E. WILLIAMS AND JUAN ARNOLD SMITH v. STATE OF MARYLAND

[No. 19, September Term, 1967.]

---

580

*Decided December 7, 1967.*

The cause was argued before MURPHY, C. J., and ANDER-SON, MORTON, ORTH, and THOMPSON, JJ.

*Stanley S. Cohen* for appellant Gross; *Calvin E. Johnson* for appellant Smith; *John D. Hackett* submitted on brief for appellant Crosby; *Leonard S. Freedman* submitted on brief (*Michael F. Freedman* shown on brief) for appellant Williams.

*Dickee M. Howard, Assistant Attorney General,* argued Gross and Smith cases and submitted Crosby and Williams cases on brief for appellee. Also shown on brief: *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City, Frank A. DeCosta, Jr.,* and *James F. Garrity, Assistant State's Attorneys for Baltimore City.*

ORTH, J., delivered the opinion of the Court.

At a joint trial in the Criminal Court of Baltimore, without a jury, each appellant was convicted of three offenses of robbery with a deadly weapon and was sentenced to imprisonment for a total term of 30 years. The appellant Smith was also convicted of carrying a deadly weapon concealed upon his person, for which he received a concurrent sentence of imprisonment for a term of two years.

## ROBBERY OF ROBERT HECTOR, INDICT-MENT NO. 3970

Robert Hector, a driver of a Baltimore Transit Company bus, testified that about 11:20 P.M. on August 7, 1966 he stopped his bus at the end of the line at Carey and Cumberland Streets. He changed the route signs and cut off the motor because he had a 10 minute layover. The bus was parked in front of a gate to a school lot. Three men came off the lot and boarded the bus. One of the men, Crosby, had a long-barrelled gun in his hand which Hector described as a ".22 target pistol." Crosby pointed the gun at Hector and said, "Back up," several times. When Hector did not immediately comply,

Crosby, using an obscene term, told Hector to "lay on the floor" or he would fill him "full of holes." Hector did as he was commanded and Crosby went through the driver's pockets and took about $1.50 in change and his wallet. The other two men took the money changer and the cash box containing rolls of quarters and nickels. The three men got off the bus and ran. Hector telephoned the Transit Company from a "phone right at the corner" and the Company called the police. Hector positively identified Crosby at the trial but was unable to identify the other two men. Also, at the trial Hector identified a gun, subsequently taken by the police from Smith, as similar to the gun used by Crosby in the robbery.

### ROBBERY OF PHILIP HARRISON, INDICTMENT NO. 3971 and VIOLETTE PARKER, INDICTMENT NO. 3972

Philip Harrison, a driver of a Baltimore Transit Company bus, testified that about 12:52 A.M. on August 8, 1966, he stopped to pick up a fare at 3400 Clifton Avenue. There were three passengers on the bus at the time. At the trial, Harrison identified Crosby as the man standing at the bus stop. Crosby had a quarter in his hand, boarded the bus and told the driver to "hold it, there were more passengers coming." Two more men, identified by Harrison at the trial as Smith and Williams, boarded the bus. Another man, outside the bus, identified by Harrison at the trial as Gross, pointed a "long revolver, a pistol," through an open window of the bus. Harrison described the weapon as an "unusual gun that you don't see very often," and as having a very long barrel. The men who boarded the bus took money from Harrison's pockets and from his cash box, in an amount of about $65, and his wallet. They also took a wallet from a passenger, Violette Parker. During these proceedings, Gross was pointing the gun through the window. Gross said it was a hold-up and once, apparently when Harrison did not obey commands quickly enough, Crosby told Gross to shoot the driver. At another time he said to the driver, "Turn around and don't look at me" and fired the gun. Harrison said a gun produced at the trial "looks to be identical" to the gun Gross had during the robbery.

Violette Parker testified that she was a passenger on the

bus, seated "right behind the driver." She identified the first man to board the bus as Crosby. Crosby went toward the back of the bus. Two other men, whom she was unable to identify, got on the bus. A fourth man, whom she identified as Gross, pointed a gun through the bus window. Crosby took her wallet, containing about $10.35. She identified the gun at the trial as similar to the one Gross had at the robbery. She also said that Gross fired the gun at instructions from Crosby to shoot her when she would not give up her wallet. She thought another passenger, Albert Green, had been wounded by the shot from the gun, but discovered that Crosby had hit Green with a record player.

The passenger, Albert Green, testified that he had a radio and record player on the bus. Crosby, whom he had seen at a time prior to the robbery, reached for these articles and when Green tried to prevent him from taking them, Crosby hit him with the record player. At the trial Green identified Crosby but was unable to identify any of the other three robbers.

Ida Jones, also a passenger on the bus, identified Crosby as one of the men who boarded the bus but was unable to identify the others who participated in the robbery. Crosby looked at her, held his hand out and, when she handed him a radio she had, threw it on the floor.

## THE CONVICTIONS OF CROSBY

On appeal Crosby presents four questions:

"(1) Did Counsel's calling of officer Guest as a witness prejudice Appellant's defense to such a degree to amount to incompetency?

(2) Did Sergeant Freeman's questioning of appellant at his arrest violate his constitutional rights against self-incrimination?

(3) Did the Court err in deducing the gun seized was the same gun used in the holdups *sans* proof of recent use?

(4) Did the Court err in accepting the theoretical argument of the State in face of the evidence presented?"

584

### (1)

After the State concluded its case, counsel for Crosby called Officer George Guest as a witness and examined him as to the arrest of Smith. The testimony of the officer was to the effect that before Smith was interrogated there was compliance with the procedural safeguards required by *Miranda v. Arizona*, 384 U. S. 436. As we understand the contention, Crosby urges that had counsel not elicited this testimony, there would have been no evidence in the case that information received from Smith was constitutionally obtained. Therefore "all subsequent activity would be non-rebutted presumption accruing to" Crosby, including the presumption that his arrest was illegal. There is no merit to the contention. The legality of Crosby's arrest was immaterial to his convictions. There were no "fruits" of Crosby's arrest introduced at the trial and the legality *vel non* of the arrest did not vitiate the convictions. *Powell v. State*, 1 Md. App. 495; *Hutchinson v. State*, 1 Md. App. 362. There was no prejudice to Crosby by the act of counsel of 'which he complains.

### (2)

Sergeant Melvin D. Freeman of the Baltimore City Police Department stated on cross-examination that he had asked Crosby certain questions on the street before the arrest. The record does not disclose what replies Crosby made. The record does show that apparently at a subsequent time, Crosby was "informed of his rights" and refused to make a statement. No statements of Crosby, oral or written, exculpatory or inculpatory, were proffered. Crosby urges that he had to be informed with respect to the procedural safeguards established by *Miranda v. Arizona, supra*, at the time of his arrest, in any event, or his convictions are unconstitutional. *Miranda* does not so hold nor does, as Crosby urges, *Escobedo v. U. S.*, 378 U. S. 478. The contention is frivolous. See *Gaudio and Bucci v. State*, 1 Md. App. 455; *Nadolski v. State*, 1 Md. App. 304.

### (3)

Crosby urges that as the ballistics report introduced in evidence by another defendant did not show whether or not the gun had been fired, the weapon should not have been admitted

in evidence against him and, if it was not in evidence, there was insufficient proof of the use of a deadly weapon in the robberies. There was ample evidence that a gun was used and that the gun introduced was similar to the unusual type of pistol used by the robbers. It was properly admissible and the contention of Crosby goes, at best, only to the weight of the evidence. *Cox v. State,* 192 Md. 525. See *St. Clair v. State,* 1 Md. App. 605, 620. The findings of the trial court on the evidence were not clearly erroneous. Md. Rule, 1086.

### (4)

Crosby's last contention goes to the sufficiency of the evidence. Crosby was positively identified at his trial as one of the participants in each of the robberies of which he was convicted. We find the evidence ample to sustain the convictions and that the findings of the trial court on the evidence were not clearly erroneous. Md. Rule, 1086.

The judgments as to Crosby on indictments No. 3970, No. 3971 and No. 3972 are affirmed.

## *CONVICTIONS OF MARVIN M. GROSS*

Gross presents three questions on appeal:

"(1) Was the evidence legally sufficient to sustain a verdict of guilty?

(2) Was the arrest of the Appellant illegal and was there a violation of his rights because he was never informed of his constitutional rights?

(3) Were the Appellant's rights abridged because of the lack of counsel at the Preliminary Hearing and arraignment?"

### (1)

Gross was positively identified as one of the participants in the robbery of Philip Harrison, indictment No. 3971 and the robbery of Violette Parker, indictment No. 3972. Identification by a single eyewitness has been held to be sufficient. *Reed v. State,* 1 Md. App. 662; *Crumb v. State,* 1 Md. App. 98. The weight given a courtroom identification is a matter for the trial court. *Hutchinson v. State,* 1 Md. App. 362. In *Hursey, Jr. v. State,* 233 Md. 243, although two witnesses were unable to

identify the defendant in the police lineup shortly after the crimes were committed, both identified him at the trial. The Court said, at page 244:

"The testimony of these witnesses, if believed, was sufficient to convict. We have repeatedly held that the weight of the evidence and the credibility of witnesses as well as the sufficiency of the identification of an accused are matters primarily for the trial court as the trier of facts to determine. See *Booth v. State,* 225 Md. 71, wherein the victim had positively identified the accused in court although he had failed to do so at a police line-up. See also *Booker v. State,* 225 Md. 183, where identification of a single eyewitness was held sufficient to support a conviction. There was here no question as to the admissibility of the positive identification, and even if there were, the lack of positiveness would affect the weight of the evidence rather than its admissibility. *Daniels v. State,* 213 Md. 90."

It was clear from the evidence that Gross was a principal in the robberies of Harrison and Parker. See *Agresti v. State,* 2 Md. App. 278.

Gross was not identified as a participant in the robbery of Robert Hector, indictment No. 3970, and we feel that neither the evidence produced nor rational inferences therefrom, were sufficient to sustain his conviction. By the evidence, three men participated in the Hector robbery and four in the Harrison and Parker robberies. It may be, that of the three men, in addition to Crosby, who robbed Harrison and Parker, two of them also robbed Hector, but it cannot be determined from the evidence which two did so. It is inescapable that, under any inference, one of Williams, Smith and Gross, did not participate in the Hector robbery, as the evidence showed only three robbers and Crosby was identified as one of them. Despite the similarity of the crimes, the short lapse of time between their commission, the fact that Crosby, Williams, Smith and Gross were seen together shortly afterwards and the identification of one robber as committing both crimes, to say which two of Williams, Smith and Gross participated in the Hector robbery

could be no more than pure speculation. We must hold the conviction of Gross under indictment No. 3970 to be clearly erroneous. See *Spencer v. State,* 1 Md. App. 264.

### (2)

The contentions that the arrest of Gross was illegal and that his "rights" were violated by failure to inform him of his "constitutional rights" are without merit. No "fruits" of his arrest were admitted in evidence against him and no statements made by him were proffered. See *Nadolski v. State, supra.*

### (3)

Gross pleaded not guilty at the preliminary hearing and on arraignment. We have held that where no actions of the appellant at a preliminary hearing were used against him at his trial, such hearing was not a critical stage of the proceedings and he was not deprived of his rights by not being there represented by counsel. *Crumb v. State,* 1 Md. App. 98. We have also held that the arraignment is not necessarily a critical stage of the proceedings and when an accused does not plead guilty at arraignment (Gross did not so plead), he is not prejudiced by lack of counsel. *Norris v. Warden,* 1 Md. App. 69. There is no merit in this contention.

## CONVICTIONS OF CHARLES E. WILLIAMS

Williams contends that the evidence was not legally sufficient to sustain his convictions.

He was positively identified as one of those committing the robberies of Harrison and Parker but was not identified as participating in the robbery of Hector. For the same reasons as set forth in the discussion of the sufficiency of the evidence to sustain the convictions of Gross we affirm the judgments of Williams under indictments No. 3971 and No. 3972 and reverse the judgment under indictment No. 3970.

## CONVICTIONS OF JUAN ARNOLD SMITH

Smith contends on appeal that his arrest was illegal. Officer George Guest testified that he saw the four appellants get out of a taxicab at 2:30 A.M. on August 8, 1966. Smith was wearing a brown leather jacket, reaching about two inches "below

the belt line." The jacket was not buttoned and as he got out of the cab, he was facing the officer. The officer saw the handle of a gun which was tucked inside the front of Smith's pants. The barrel was inside his pants with the handle part sticking above the belt line. The officer arrested him and took the gun, which was a long-barrel, .22 caliber pistol introduced in evidence at the trial. Md. Code (1967 Repl. Vol.) Art. 27, § 36 provides, in pertinent part that, "Every person who shall wear or carry any pistol * * * concealed upon or about his person * * * shall be guilty of a misdemeanor." Smith urges that since the officer saw the gun it was not concealed. We do not agree. He had the gun stuck in his pants with only the handle protruding. The officer observed the handle, which he recognized from his experience as a police officer, as the handle of a pistol, only because the jacket Smith was wearing was not buttoned and the handle became visible when Smith got out of the cab. We think the trial court was justified in finding that the gun was concealed. Absolute invisibility is not required. See *Shipley v. State*, 243 Md. 262, 269. There was, therefore, a misdemeanor committed in the presence of the officer and the arrest of Smith was legal. Since the arrest was legal, the gun, seized at the time, was admissible in evidence on the offense of carrying a concealed weapon as charged in indictment No. 3973. Smith also urges that in any event it was not admissible with regard to the robbery offenses because "positive connection * * * with the armed robberies is lacking." As we have noted there was testimony by several witnesses that the gun was similar to the one used in the robberies, which was of an unusual type, being a .22 caliber with a long barrel. As the Court of Appeals said in *Cox v. State*, 192 Md. 525, at page 539:

> "Probability is the only requirement. If there is room for doubt, the decision was one on the weight of the evidence and not on any question of admissibility."

We find no error in admitting the gun and the testimony concerning it in evidence with regard to the robbery offenses.

Smith also contends. that the verdict was against the weight of the evidence. The weight of the evidence is for the trier of

facts. *Dunlap v. State,* 1 Md. App. 444; *Sadler v. State,* 1 Md. App. 383.

Smith finally contends that the trial court erred in refusing to grant a motion for judgment of acquittal. We find no error with regard to indictment No. 3973 charging the offense of carrying a deadly weapon concealed upon his person for the reasons above set forth. Smith was identified as participating in the robbery of Harrison, charged in indictment No. 3971 and in the robbery of Parker charged in indictment No. 3972. Even though the victim in the latter robbery could not identify him, he was identified by the bus driver. Smith was not identified as participating in the robbery of Hector, charged in indictment No. 3970. For the reasons set forth in the discussion of the sufficiency of the evidence to sustain the convictions of Gross, we find the trial court did not err in refusing the motion for judgment of acquittal with respect to indictments No. 3971 and 3972 but did err in refusing the motion with respect to indictment No. 3970.

> *As to Von E. Crosby: judgments affirmed under indictments Nos. 3970, 3971 and 3972;*
>
> *As to Marvin M. Gross: judgments affirmed under indictments Nos. 3971 and 3972,*
> *judgment reversed under indictment No. 3970 and case remanded for a new trial;*
>
> *As to Charles E. Williams: judgments affirmed under indictments Nos. 3971 and 3972,*
> *judgment reversed under indictment No. 3970 and case remanded for a new trial;*
>
> *As to Juan Arnold Smith: judgments affirmed under indictments Nos. 3971, 3972 and 3973,*
> *judgment reversed under indictment No. 3970 and case remanded for a new trial.*