# WILLIAM ALLEN SMITH *v.* STATE OF MARYLAND

[No. 301, September Term, 1967.]

*Decided May 6, 1968.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Marvin H. Schein* for appellant.

*Alfred J. O'Ferrall, III, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Thomas N. Biddison, Jr., Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

Appellant was convicted of grand larceny and carrying a concealed weapon on September 18, 1967 in the Criminal Court of Baltimore, Judge Anselm Sodaro presiding without a jury. He was sentenced to a term of six years for the larceny and to a term of two years for carrying a concealed weapon, to run concurrently with the six-year sentence. On this appeal, appellant contends (a) that the evidence was insufficient to convict him on the larceny charge, and (b) that he was unlawfully arrested on the concealed weapon charge and that evidence taken from him as a result thereof was improperly admitted in evidence at the trial, and (c) that the evidence was insufficient to support his conviction for carrying a concealed weapon.

It was established at the trial that appellant went to the home of Wallace Westcott in Baltimore City on the evening of October 8, 1965; that appellant was there looking for work and Westcott put him up for the night because he had no place to stay; that Westcott agreed to take appellant to a friend's house the next morning and also agreed that appellant should return to his home for work the following Monday; that Westcott retired at approximately 1:00 a.m., after checking that everything in the house was locked up for the night. Upon arising at 5:00 a.m., Westcott discovered that appellant was gone and that approximately $33.00 had been taken from his pants pocket; that a camera and electric razor had also been taken. There was evidence showing that Westcott checked to see if the doors and windows were still locked and discovered that there was no forced entry. The appellant did not return to Westcott's house as he had promised.

On these facts, we hold that the evidence was sufficient to establish appellant's guilt on the grand larceny charge and that the finding of the trial court was not clearly erroneous. Maryland Rule 1086.

We find no legally sufficient evidence, however, to support the conviction of carrying a concealed weapon. As to that charge, the record shows that appellant was sitting at the counter drinking a coke in a drugstore in Baltimore City on May 8, 1966 when a police officer, responding to a call that a man was in

the drugstore "armed with a straight razor," entered the store and arrested him. The arresting officer testified that upon entering the store, he observed that appellant "had the top of a straight razor protruding out" from his left side coat pocket of a sport coat. The officer testified that "the top part of it was visible from the coat"; that "as soon as you come in the door, you could see the top of the razor sticking out of the pocket there"; that the razor was not lying down inside the pocket, but "was sticking up"; and that it was "the top part of the razor where you put your finger through" that was protruding from appellant's pocket.

Appellant's conviction was based upon that part of Section 36 of Article 27 of the Maryland Code (1967 Repl. Vol.), which provides that no person "shall wear or carry any * * * razor, * * * concealed upon or about his person." In *Shipley v. State*, 243 Md. 262, 269, it was held:

> "* * * a weapon is concealed if it is so situated as not to be discernible by ordinary observation by those near enough to see it if it were not concealed who would come into contact with the possessor in the usual associations of life, but absolute invisibility is not required; since ordinary observation does not extend to a search unusually careful, thorough or detailed, made because of suspicion that contraband which is not visible by ordinary observation may in actuality be present."

On the state of the record before us, it appears clear that the razor was discernible by ordinary observation; indeed, the police officer saw it immediately as he came through the door of the drugstore and he was responding to a call, presumably from a person within the drugstore, who saw appellant with the razor protruding from his pocket. Under these circumstances, we do not think the razor was concealed from ordinary observation within the meaning of the statute. While only part of it was visible, it is apparent that the part which was protruding was such as to make it clearly identifiable as a straight razor. This case is unlike *Crosby v. State*, 2 Md. App. 578, where the handle of the weapon was visible only because the

defendant's jacket, which was covering the weapon, became unbuttoned at a time when he was being observed by a police officer. Here, the weapon was visible in part to ordinary observation, and it does not appear that appellant was attempting to conceal it from plain view. We conclude, therefore, that appellant's conviction for carrying a concealed weapon was clearly erroneous. See Annotation, 43 A.L.R. 2d 492, particularly at pages 510-516.

> *Judgment affirmed as to Indictment 2536 (grand larceny); judgment reversed and case remanded for new trial as to Indictment 2537 (carrying a concealed weapon).*