BERNARD WILLIAMS CLEMONS *v.* STATE
OF MARYLAND

[No. 191, September Term, 1969.]

*Decided March 10, 1970.*

The cause was argued before MURPHY, C.J., and AN-DERSON, MORTON, ORTH, and THOMPSON, JJ.

*Warren Mix* for appellant.

*Clarence W. Sharp, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Samuel A. Green, Jr., State's Attorney for Baltimore County,* and *L. Robert Evans, Assistant State's Attorney for Baltimore County,* on the brief, for appellee.

MORTON, J., delivered the opinion of the Court.

The appellant was convicted of robbery with a deadly weapon and carrying a concealed weapon in a non-jury trial in the Circuit Court for Baltimore County. Consecutive sentences of fifteen years and two years, respectively, were imposed.

The record discloses that on December 16, 1968, at approximately 11:30 p.m., the employees of an all-night supermarket were robbed at gunpoint of over $600.00 by two men. While all three of the employees testified that the taller of the two men wore a maroon shirt, only one employee was able to positively identify the appellant as being a participant in the robbery.

James A. Chapman, a State Trooper who was driving by the market at the time of the robbery, but unaware that it was being committed, testified that he saw two men cross the road in front of the market and enter a late model, blue, fastback Ford, occupied by a third man. Upon later learning of the robbery, Trooper Chapman, who testified that one of the men he saw crossing the road was wearing a short-sleeved maroon shirt, radioed the description of the car to other patrol cars in the area. Soon thereafter, Trooper Patrick V. Drum observed and began pursuing a car of that description. When the car came to a stop after hitting a curb, two of the men jumped

out and escaped while the appellant, who was the driver of the car and wearing a short-sleeved maroon shirt, was apprehended. A search of the car, which was registered in appellant's name, produced a bag containing $639.40 and a loaded .32 cal. Smith & Wesson pistol, both being found in plain view on the "back floor of the automobile."

Appellant took the stand in his own defense and testified that he picked up two hitchhikers who forced him at gunpoint to flee from the police and that he did not participate in the robbery.

In this appeal it is first contended by the appellant that he was "denied due process of law by the absence of a preliminary hearing." We disagree. As this Court has stated many times, a preliminary hearing is not a necessary prerequisite to a valid indictment and, accordingly, an accused, under the present state of the law, is not deprived of any constitutional right by the absence of such a proceeding. *Graham v. State,* 6 Md. App. 458, 461.

Appellant further contends that the evidence was legally insufficient to sustain his convictions. With respect to his conviction of robbery with a deadly weapon, appellant contends that he was not positively identified by the victims of the crime and that the money found in his car was never introduced into evidence. While it is apparent from an examination of the record that the money was never introduced into evidence, there was testimony of the State Troopers that the money in question was found in appellant's car. Under the circumstances here, there was no evidentiary requirement that the money, as such, be introduced into evidence. In any event, there was no objection to the police testimony concerning the recovery of the money.

It is well settled by the decisions of this Court that the testimony of a victim, identifying an accused as the perpetrator of a crime, if believed by the trier of fact, is sufficient to sustain a conviction. *Simon v. State,* 7 Md. App. 446, 452. As such an identification was made by one of the victims here, we cannot say that the lower court's

finding of appellant's guilt of the crime of robbery with a deadly weapon was clearly erroneous. Md. Rule 1086.

In reaching his verdict that appellant was guilty of carrying a concealed weapon, it is apparent that the trial judge considered the gun used by appellant in the robbery (described by two of the victims as a P38, or a Luger) as being the concealed weapon and not the gun found on the floor of the car. From the record before us, however, we cannot find any evidence to support the finding that the gun carried by appellant at the time of the robbery was, in fact, concealed. It is clear from the evidence that appellant was wearing a short-sleeved maroon shirt and no coat, although it was December, and other than the statement of one of the victims that two individuals walked into the store and "pulled a gun", the only evidence concerning the manner in which appellant was carrying the gun was the testimony of another victim that as appellant "came in the door he pulled a pistol from his belt." While one may speculate that when appellant "pulled a gun" or "pulled a pistol from his belt", the weapon had previously been concealed upon his person, such an interpretation of the evidence would be pure conjecture. One could conclude, under the circumstances here, with even more justification that the pistol carried in appellant's belt was discernible or visible, at least in part, by ordinary observation. In any event, we think the evidence is not such as to warrant a conclusion, beyond a reasonable doubt, that the weapon carried by appellant was concealed. And yet this is the very gravamen of the offense under the controlling statute, Md. Code, Art. 27, § 36.

The factual situation here is not unlike that in *Smith v. State*, 4 Md. App. 128, where we set aside a conviction of carrying a concealed weapon when it appeared that the accused "had the top of a straight razor protruding from his left side coat pocket." We think the case at bar is in a different factual posture than that in *Crosby v. State*, 2 Md. App. 578, where it was apparent that a pistol carried by the accused "was stuck in his pants with

only the handle protruding" and would not have been discernible by ordinary observation except for the fact that the coat worn by the accused came open as he was alighting from a cab, thus revealing the weapon which had theretofore been concealed. We must conclude that appellant's conviction for carrying a concealed weapon was clearly erroneous. Md. Rule 1086.

> *Judgment of conviction of robbery with a deadly weapon: affirmed; judgment of conviction of carrying a concealed weapon: reversed and case remanded for a new trial.*