# CHARLES COURTLAND SMITH v. STATE OF MARYLAND

[No. 820, September Term, 1972.]

*Decided August 13, 1973.*

The cause was submitted on briefs to Powers, Carter and Gilbert, JJ.

Submitted by *Roland Walker* for appellant.

Submitted by *Francis B. Burch, Attorney General, Bernard A. Raum, Assistant Attorney General, Milton B. Allen, State's Attorney for Baltimore City,* and *Diane Schulte, Assistant State's Attorney for Baltimore City,* for appellee.

CARTER, J., delivered the opinion of the Court.

The appellant, Charles Courtland Smith, was convicted by Judge William J. O'Donnell, sitting non-jury in the Criminal Court of Baltimore, of having concealed on or about his person a deadly weapon (pistol) and was sentenced to three years in prison. He contends that the evidence was legally insufficient to justify his conviction.

The State's evidence showed that on February 26, 1972, at approximately 10 p.m., Detective Rush received a report from a reliable informer that the appellant was dealing in drugs at the corner of Baker Street and Fulton Avenue in Baltimore City. The informer also gave a description of the dealer and his car that was parked at the designated location. Upon receipt of this information, Detective Rush and his police partners proceeded to the location. There they observed a person and a parked car corresponding to the descriptions. The appellant saw Detective Rush riding by, appeared to recognize him, and left the scene at a high rate of speed. The detective and his associates followed in their car. After the appellant had traveled several blocks, he stopped at a red light. At that time Detective Rush went to the right front door of the appellant's stopped car and Detectives Cash and Porter went to the left front door. Detective Cash ordered the appellant to get completely out of the car. Detective Rush looked inside the car through the right front window and observed the handle of a pistol protruding above the front seat. The part of the pistol that was exposed was sufficient to permit him to identify it as a pistol.[1] He opened the right front door and retrieved a fully loaded .22 caliber revolver.

The appellant concedes that since the location of the gun on the front seat was "such proximity to him as would make it available for his immediate use," it would be deemed to have been carried on or about his person, under the authority of *Shifflett v. State*, 3 Md. App. 550, 554, 240 A. 2d 286. His contention below that his possession of the pistol

---

1. See *Smith v. State*, 4 Md. App. 128, 130, 241 A. 2d 437.

should be excused because he was carrying it as a reasonable precaution against apprehended danger within the provisions of Md. Code, Art. 27, § 36 (b), is not pressed on appeal. Therefore his contention before this Court is confined to the question of whether the evidence was legally sufficient to establish that the pistol was *concealed* within the contemplation of Md. Code, Art. 27, § 36 (a).

The pertinent parts of the testimony of Detective Rush and the appellant related to this issue are as follows:

### TESTIMONY OF DETECTIVE RUSH

"BY MISS SCHULTE (counsel for the State):

Q What occurred at the corner or Warwick Avenue, you mentioned that he went from Fulton Avenue to Warwick Avenue?

A * * * I went to the right front door and Detective Cash and Detective Porter went to the left front door of the car, at which time the Defendant was getting out of the car.

Q What was said to him by the other Detectives, if anything?

A I believe Detective Cash made a statement in words to the effect, come on and get out of the car. *At which time he was in the process of getting out of the car as Detective Cash had said that, and I was on the right side of the car and looked in the window and observed a pistol, the handle of a pistol which was partially sticking out from the front seat of the car.* (emphasis added)

Q Whereabout on the seat, the right side or left side or in the middle?

A Right along the side of the operator, the right hand side on the seat.

"THE COURT: How close was it to the operator when you observed it on the seat?

"THE WITNESS: Directly alongside of him. * * *

* * *

"BY MISS SCHULTE:

Q  When you saw the gun where was the Defendant at that time?

A  The Defendant was getting out of the car.

Q  What did you do upon seeing the gun, what if anything, did you say?

A  I called to my partner, Detective Cash, and told him to watch himself, he didn't see it and I couldn't get to it.

\* \* \*

"THE COURT: How much of the gun did you see?

"THE WITNESS: The entire handle.

"THE COURT: How far down was it?

"THE WITNESS: Down to where you could put your fingers around it.

"THE COURT: You are indicating down to where the frame goes for the finger?

"THE WITNESS: Yes, sir."

### CROSS EXAMINATION

"BY MR. THOMAS (defense counsel):

Q  Was it [pistol] stuck down in between the back in the seat?

A  It was stuck between the part that you sit and the couch.

"THE COURT: Where the two parts of the seat meet, the horizontal part and the perpendicular part meet?

"THE WITNESS: Yes, sir."

### TESTIMONY OF APPELLANT

"THE COURT: Why didn't you put the gun in the glove compartment or put it in the trunk of the car? Why did you have it out on the front seat?

"DEFENDANT SMITH: I just put it on the seat, I was trying to conceal it, I was trying to take it home."

## SUFFICIENCY OF THE EVIDENCE TO ESTABLISH CONCEALMENT

Md. Code, Art. 27, § 36 (a) provides in pertinent part:

"Every person who shall wear or carry any pistol * * * or any other dangerous or deadly weapon of any kind whatsoever * * * concealed upon or about his person, * * * shall be guilty of a misdemeanor, and upon conviction thereof, shall be fined not more than one thousand (1,000.00) dollars or be imprisoned * * * for not more than three years; * * *"[2]

The test for determining the sufficiency of circumstances to establish concealment under the statute was enunciated by the Court of Appeals in *Shipley v. State*, 243 Md. 262, 220 A. 2d 585, where the Court said at 269:

"* * * By a recognized test a weapon is concealed if it is so situated as not to be discernible by ordinary observation by those near enough to see it if it were not concealed who would come into contact with the possessor in the usual associations of life, but absolute invisibility is not required; * * *."

The trial court relied upon the holdings in *Shipley, supra* and *Crosby, Smith et al. v. State*, 2 Md. App. 578, 236 A. 2d 33 to support its finding of guilt. We think the reliance was correct. In *Shipley, supra*, the Court of Appeals held that a dirk knife carried on the floor of an automobile was concealed within the contemplation of Md. Code, Art. 27,

---

2. Chapter 13 of the Acts of 1972 deleted the word "pistol" from Art. 27, § 36 (a). It enacted in lieu thereof § 36B which prohibited the carrying of any "handgun" concealed or openly without a permit having been previously issued to the possessor under the provisions of § 36E. This law did not become effective, however, until March 27, 1972, and is therefore not applicable to the instant case where the offense charged occurred on February 26, 1972.

§ 36 (a). This holding was based on the fact that even though the knife was visible by ordinary observation when the driver was out of the car, it was not visible when he was occupying the driver's seat because "the knife would have been shielded at night from ordinary observation by his legs and feet." In *Crosby, Smith, supra* this Court held that a gun stuck in the front of appellant Smith's pants was concealed within the meaning of the statute. In that case the evidence showed Smith was arrested after he alighted from a taxicab. In discussing the evidence we pointed out at pages 587-588 that the appellant was "* * * wearing a brown leather jacket, reaching about two inches 'below the belt line.' The jacket was not buttoned and as he got out of the cab, he was facing the officer. The officer saw the handle of a gun which was tucked inside the front of Smith's pants. * * *" We think these circumstances were likewise susceptible of a reasonable inference that before Smith got out of the cab, the gun was not discernible by ordinary observation and was therefore concealed under the test enunciated in *Shipley, supra.*

The State's evidence, above related, showed that the incident occurred about 10 p.m. when there was obviously no daylight. It also showed that at the time Detective Rush discerned the object on the front seat, which he recognized to be a pistol, the appellant was in the act of getting out of the car on the driver's side. While there is no direct evidence on the point, it is obvious that during the time the appellant was in the act of getting out of the car, the left front door was required to be open. We conclude also that it is reasonable to infer that when the driver's door was opened, the courtesy light, which is standard equipment on all modern cars, came on and illuminated the inside of the vehicle. In these circumstances, we hold that the trial judge was justified in finding that while the pistol was discernible to Detective Rush by ordinary observation after the courtesy light came on, it was not so discernible prior to that time and was therefore concealed.

Although concealment is ordinarily a situation entirely brought about by the deliberate acts of the accused, it may

be assisted by existing conditions not caused, but utilized, by him. The appellant in this case, of course, had no responsibility for the darkness; nevertheless, he permitted the weapon to remain in a position where it could not be discerned by ordinary observation under the existing dark conditions. We think such conduct on his part makes him equally responsible with one who personally creates all of the conditions that bring about the concealment. In either situation the concealment would not exist but for the conduct of the accused, irrespective of whether such conduct caused all or only a part of the conditions necessary for the concealment. See Annotation in 43 A.L.R.2d 492-544, "Concealed Weapons", § 16, "Inside Vehicle".[3]

Applying the rationale of *Shipley, supra* and *Crosby, Smith, supra* to the State's evidence, we think it was legally sufficient to justify the trial judge in finding that the pistol was concealed. We therefore conclude that he was not clearly in error in finding the appellant guilty of carrying a concealed weapon on or about his person in violation of Art. 27, § 36 (a).

> *Judgment affirmed.*
> *Appellant to pay costs.*

---

**3.** Section 16 (b) of the annotation sets forth the following summaries, among others, of cases cited:

"Where the night was dark, and the revolver could not be seen, the fact that the arresting officer, by feeling with his hand, found a loaded revolver on the floor of the car at the defendant's feet was held to show a concealment within the meaning of the statute so as to warrant his conviction in State v. Renard, (1925, Mo.) 273 SW 1058."

\* \* \*

"The defendant was found guilty in Hart v. State (1932) 42 Ohio App. 501, 182 NE 534, where a policeman opened up the door of the cab in which the defendant was riding, his action automatically lighting up the interior, so that he found the defendant with his foot covering a revolver on the floor of the cab, \* \* \*."