**STATE of Maine**

v.

**Mack GWINN, Jr.**

Supreme Judicial Court of Maine.

Aug. 8, 1978.

Henry N. Berry, III, Dist. Atty., Peter G. Ballou, Deputy Dist. Atty. (orally), Portland, Stephen Moriarty, Law Student, for plaintiff.

Smith, Elliott, Wood & Nelson by George F. Wood (orally), Stephen R. Lamson, Saco, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY and NICHOLS, JJ.

McKUSICK, Chief Justice.

Defendant appeals his judgment of conviction in a jury-waived trial for a violation of 15 M.R.S.A. § 393 (Supp.1975), which prohibits a previously convicted felon from possessing a weapon of the types therein defined.[1]

We deny the appeal.

In the course of rendering its decision on defendant's guilt, the court below made certain specific oral determinations on the record. First, it ruled that the particular weapon defendant had possessed was not capable of being concealed upon the person. Nonetheless, it ruled that the defendant's weapon fell within the class of weapons which 15 M.R.S.A. § 393 prohibited the defendant as a previously convicted felon from possessing; this ruling the court based upon its interpretation of that section to proscribe any "pistol," regardless of concealability. The court accordingly found the defendant guilty of violating section 393. The court's interpretation of section 393—not to require concealability of a "pistol"—was, however, wrong, and on appeal the State so concedes. Nevertheless, we hold that the firearm possessed by the defendant fell as a matter of law within the class of weapons which section 393 prohibited a convicted felon such as the defendant from possessing. Therefore, there was no error in the ultimate judgment of conviction.

At the time of defendant's alleged offense, section 393 made it unlawful

"for any person who has been convicted of a felony under the laws of the United States or of the State of Maine, or of any other state, to have in his possession *any pistol, revolver or any other firearm capable of being concealed upon the person.*" (Emphasis added)

Contrary to the reasoning of the Superior Court, the phrase "capable of being concealed upon the person" modifies all three nouns which precede it, *i. e.,* "any pistol, revolver or any other firearm," and *not* merely the immediately preceding word "firearm." That construction is logically

1. Defendant's indictment on April 6, 1977 by a Cumberland County grand jury charged two counts of criminal threatening with the use of a dangerous weapon, 17 M.R.S.A. §§ 209, 1252(4) (Supp.1976), as well as the section 393 offense. The Superior Court acquitted defendant of both criminal threatening charges, stating it entertained a reasonable doubt that defendant had committed the alleged acts with the intention or knowledge necessary to convict under section 209 of the Criminal Code.

dictated by section 391 of Title 15, the definitional section for the chapter headed "Possession of Firearms by Felons." At the time of the alleged offense, section 391 *defined* "pistol," "revolver," and "firearm" *to mean* "a weapon capable of being concealed upon the person." There can be no doubt that the legislature intended concealability upon the person to be "[t]he essential characteristic of the firearm which brings it within the scope of the statutory ban . . . ." *State v. Heald,* Me., 382 A.2d 290, 297 (1978) (.32 caliber revolver). *See also State v. Smith,* Me., 379 A.2d 722, 727 (1977). The court erred when it ruled that a "pistol" need not bear that characteristic.[2]

▆ Notwithstanding the conceded flaw in the court's reasoning, the State urges that we deny defendant's appeal and uphold the conviction.[3] We agree that in the posture of the present case, reversal is not mandated. The evidence in the record, including the weapon itself transmitted to this court in specie, establishes the element of its concealability upon the person *as a matter of law.* Hence the defendant's judgment of conviction was mandated by the evidence, and that conviction must stand.

▆ In numerous situations this court has applied the principle that if the result reached by the trial court is legally sound, it is immaterial that the court erred in the process of reaching that result. *See, e. g.,*

*State v. Mann,* Me., 361 A.2d 897, 903 (1976) (exclusion of impeachment evidence); *State v. Brochu,* Me., 237 A.2d 418, 421, 425 (1967) (denial of motion to suppress upheld on ground different from that given by trial court). *Cf. State v. Boutot,* Me., 325 A.2d 34, 37 (1974) (denial of motion to suppress upheld without reaching ground given by trial court below). The court's analytical error in such cases causes no prejudice to the defendant if it is clear on review that the court's ultimate decision was correct as a matter of law. The error is akin to a harmless error, which prejudices none of the defendant's substantial rights. Rule 52(a), M.R.Crim.P. *Cf. State v. McKeough,* Me., 300 A.2d 755 (1973) (trial justice erred in not instructing jury on element of specific intent; error harmless in view of sufficiency of evidence in record to support ultimate conviction).

This court currently has before it the "pistol" which defendant possessed at the time of the alleged offense. The overall size and shape of that critical piece of demonstrative evidence constitute indisputable facts of record which this court (exactly as well as the court below) can readily determine by physically inspecting the weapon. The weapon measures in total length approximately 21 inches, and at its widest, with an attachment in place, measures 9 inches.[4] Most of the weapon is, however, less than 3½ inches in width.

---

2. By P.L.1977, ch. 225, § 2 (eff. October 24, 1977) the legislature repealed and replaced section 393, enacting in its stead a provision which defines "firearm" for purposes of that section to have the meaning given to "firearm" in 17–A M.R.S.A. § 2(12–A) (Supp.1977), *i. e.,*

"any weapon, whether loaded or unloaded, which will expel a projectile by the action of an explosive and includes any such weapon commonly referred to as a pistol, revolver, rifle, gun, machine gun or shotgun. Any weapon which can be readily made into a firearm by the insertion of a firing pin, or other similar thing in the actual possession of the actor or an accomplice, is a firearm." The Code definition makes no mention of concealability. By P.L.1978, ch. 696, § 166 (eff. March 31, 1978), the legislature also repealed section 391.

3. The State failed in its attempt to perfect a timely cross-appeal pursuant to 15 M.R.S.A. § 2115–A(2) (Supp.1975) and Rule 37, M.R. Crim.P. The State filed its notice of appeal on April 28, 1978, the same day it filed its brief on defendant's appeal and over five months after the defendant had initiated his appeal. Rule 37(c), M.R.Crim.P., plainly requires the State to file its notice of cross-appeal within ten days after receipt of notice that the defendant has appealed.

4. We need not decide whether, as the State contends, the weapon is also concealable under the special rule of convenience declared in section 391, that a "pistol," "revolver," or "firearm," for purposes of the section 393 offense, "shall include all firearms having a barrel of less than 12 inches in length."

For purposes of the statutes making criminal the carrying of a concealed weapon, courts hold, apparently universally, that the word "concealed" does not mean absolute invisibility. Rather, even if there may be some notice of its presence, a weapon is concealed upon the person "when it is not discernable by the ordinary observation of persons coming in contact with the person carrying it, casually observing him, as people do in the ordinary and usual associations of life." *People v. Jones,* 12 Mich.App. 293, 162 N.W.2d 847, 849 (1968). *See also, e. g., United States v. Flum,* 518 F.2d 39 (8th Cir. 1975); *People v. Taylor,* 31 Ill.App.3d 20, 332 N.E.2d 735, 737 (1975); *Smith v. State,* 18 Md.App. 612, 308 A.2d 442, 444 (1973); Annot., 43 A.L.R.2d 492 (1955). The purpose of the Maine statute with which we are here concerned is, to the extent here relevant, indistinguishable from that underlying the "concealed weapons" statutes, and we accordingly construe the phrase "capable of being concealed upon the person" to require something less than absolute invisibility, the test apparently applied by the Superior Court justice. The weapon was capable of being concealed if it could be carried under ordinary clothing in such a way as to escape notice by anyone only casually observing the defendant.

Examining the weapon in question in light of the more relaxed requirement of concealability which the trial justice should have applied, we conclude that this particular weapon is plainly capable of being concealed upon the person. Admittedly, there may be weapons whose concealability presents a borderline question, and as to those the court below as the factfinder might well be justified in making an ulti-

mate factual conclusion of either concealability or nonconcealability—without interference by the appellate court. We conclude, however, that the concealability of defendant's weapon is not a borderline question when the correct legal test is applied. This weapon could be readily hidden underneath any of a wide variety of apparel, including the suit jacket of an average-sized man, in a way that it would not be discernable by the ordinary observation of persons coming in contact with him and only casually observing him in the course of the ordinary and usual associations of life. Without question, defendant's weapon falls as a matter of law within that class of firearms which under section 391 a convicted felon may not legally possess.

Defendant appeals from the ultimate judgment of conviction entered against him by the Superior Court below. The State has not sought a modification of that judgment, nor is any required in view of the fact that grounds sufficient to support the judgment as entered below affirmatively appear of record as a matter of law.[5] *Cf. State v. Day,* Me., 293 A.2d 331, 336 (1972). In the present circumstances, the ultimate judgment entered below stands as valid, albeit for a reason other than that given by the Superior Court. *Cf. State v. Brochu, supra* at 421. In sum, defendant simply has not demonstrated any basis for upsetting his conviction for possessing a weapon proscribed under section 393 of Title 15.

Nothing in *Littlefield v. Littlefield,* Me., 292 A.2d 204 (1972), compels a different conclusion.[6] In fact, we there expressly restated the principle that an appellee is entitled "to resort to the record to support

---

5. Defendant has strenuously asserted that this court may not finally determine the issue of concealability adversely to him without running afoul of the Double Jeopardy Clause of the United States and Maine Constitutions. Defendant's double jeopardy argument misconceives the thrust of our appellate action. While it would be improper for us to substitute our own *factual* conclusion for that of the factfinder below, we have not done so in this case. We have only addressed the mandatory *legal* conclusion flowing from the uncontradicted, and uncontradictable, *facts* in the record.

6. We have no occasion here to comment on the criticism leveled at the *Littlefield* decision by "Cross-Appeals in Maine: Pitfalls for the Winning Litigant," 25 Me.L.Rev. 105 (1973) or the limitation of the scope of the *Littlefield* holding suggested therein. *See also* Field, McKusick and Wroth, 2 *Maine Civil Practice* § 73.10 (Supp.1977); R. Stern, "When to Cross-Appeal or Cross-Petition—Certainty or Confusion?", 87 Harv.L.Rev. 763, n. 2 (1974).

affirmatively the findings and judgment of the Judge below . . . ." (*Id.* at 209) The requirement of a cross-appeal in the *Littlefield* case must be read in light of its particular circumstances, which contrast distinctly with the circumstances of the case now at bar. That divorce case involved two very distinct issues: (1) whether the plaintiff wife had sustained her burden of proving her asserted ground for divorce, namely, cruel and abusive treatment; and (2) whether the defendant husband had carried his burden of proof on the affirmative defense of condonation. On the plaintiff wife's appeal to the Superior Court from the District Court's finding of condonation, the defendant husband was required, this court later held, to cross-appeal if he wished to attack the District Court's finding of cruel and abusive treatment. In contradistinction to the two separate issues of the *Littlefield* case—one involving the plaintiff's cause of action and the other involving the defendant's affirmative defense—the trial court in the jury-waived criminal case now before us on appeal was faced with the solitary question whether the weapon introduced in evidence was that kind of firearm which a convicted felon was by section 393 forbidden to possess. Having concluded that the trial court's conclusion was correct on that solitary issue, the appeal must fail, regardless of the wrong reason given by the court for its conclusion.

The entry must be:

Appeal denied.

Judgment affirmed.

GODFREY, J., did not sit.