Mack GWINN, Jr., Petitioner, Appellant,

v.

Peter DEANE, etc., et al., Respondents,
Appellees.

No. 79–1340.

United States Court of Appeals,
First Circuit.

Argued Nov. 9, 1979.

Decided Jan. 15, 1980.

George F. Wood, Saco, Me., with whom Terrence D. Garmey and Smith, Elliott, Wood & Nelson, P. A., Saco, Me., were on brief, for petitioner, appellant.

Michael D. Seitzinger, Asst. Atty. Gen., Augusta, Me., for respondents, appellees.

Before COFFIN, Chief Judge, BOWNES, Circuit Judge, WYZANSKI, Senior District Judge.*

PER CURIAM:

 This is an appeal from the District Court's denial of Gwinn's 28 U.S.C. § 2254 petition for habeas corpus. Petitioner's claim is that, in affirming the Maine Superior Court's judgment convicting him of violation of 15 Me.Rev.Stat.Ann. § 393 (West Supp.1975),[1] (hereinafter called "§ 393"), the Maine Supreme Judicial Court subjected him to double jeopardy, in violation of the Fourteenth Amendment to the United States Constitution.[2]

The petition's allegations and the record show these facts. § 393 made it a crime for a previously-convicted felon "to have in his possession any pistol, revolver or any other firearm capable of being concealed upon the person." A grand jury indicted Gwinn, a felon, for having "in his possession a firearm capable of being concealed upon the person[,] [to wit: a Gwinn pistol]." The Maine Superior Court, conducting a jury-waived trial, received in evidence as an exhibit a weapon whose physical character-

istics and appearance were not in dispute. The trial judge ruled that the weapon was not capable of being concealed upon the person, but was nonetheless a pistol within the prohibition of § 393 because, in his view, § 393 proscribed any "pistol," regardless of concealability. Accordingly, the trial court found Gwinn guilty and sentenced him to serve a two-year probation term pursuant to a suspended one-to-three year prison sentence. On Gwinn's appeal, the Supreme Judicial Court of Maine, after acknowledging that the trial court's interpretation of § 393—not to require concealability of a pistol—was wrong, affirmed the judgment of conviction but on the ground that "the firearm possessed by the defendant fell as a matter of law within the class of weapons which § 393 prohibited." *State of Maine v. Gwinn*, Me., 390 A.2d 479, 480 (1978). The court specifically rejected Gwinn's double jeopardy claim.[3]

Gwinn, being still subject to the sentence of the Maine Superior Court, filed in the United States District Court for the District of Maine, a petition for habeas corpus. The District Court denied the petition, but we issued a certificate of probable cause for appeal, with the limitation that "The only issue to be considered is double jeopardy."[4]

Petitioner contends that the Maine "trial court's conclusion that the Gwinn pistol 'is not capable of being concealed upon the person' was a determinative finding of fact

---

* Of the District of Massachusetts, sitting by designation.

1. This statute was repealed and replaced by Me.P.L., 1975, c. 225 § 2.

2. It is undisputed that the Fourteenth Amendment makes the Double Jeopardy Clause of the Fifth Amendment applicable to state proceedings (*Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969)), and that "the principles given expression through that Clause apply to cases tried to a judge." *United States v. Jenkins*, 420 U.S. 358, 365, 95 S.Ct. 1006, 1011, 43 L.Ed.2d 250 (1975).

3. *State of Maine v. Gwinn*, Me., 390 A.2d 479, 482, n.5 (1978) states:
 "Defendant has strenuously asserted that this court may not finally determine the issue

of concealability adversely to him without running afoul of the Double Jeopardy Clause of the United States and Maine Constitutions. Defendant's double jeopardy argument misconceives the thrust of our appellate action. While it would be improper for us to substitute our own *factual* conclusion for that of the factfinder below, we have not done so in this case. We have only addressed the mandatory *legal* conclusion flowing from the uncontradicted, and uncontradictable *facts* in the record." [Emphasis added in the original].

4. Our certificate of probable cause precluded a presentation of a due process claim raised in the District Court because the petitioner had not exhausted his state's remedies as to that claim. 28 U.S.C. § 2254(f).

adverse to the [state] government's interest, and its review on appeal was barred by the Double Jeopardy Clause."

■ We reject the argument's premise—that the Maine Superior Court's quoted ruling was a finding of fact. There was no dispute of fact before the trial judge as to the appearance and other physical characteristics of the weapon possessed by Gwinn. What the trial judge did was to reach the conclusions of law that a weapon with those characteristics was not a weapon capable of concealment, but was a pistol, and that § 393 prohibited possession by a felon of a pistol, regardless of its concealability. On the basis of those erroneous conclusions of law, the trial judge entered a judgment of conviction. On appeal, the Maine Supreme Judicial Court did not retry any facts. It set aside one conclusion of law, adopted another conclusion of law[5] based upon uncontradicted and uncontradictable facts, and affirmed the judgment. That was not a second trial but, as the record shows, an affirmance of a judgment of conviction entered by the trial judge. In short, our independent[6] analysis agrees with what Chief Justice McCusick held in disposing of the double jeopardy argument. See footnote 3, supra.

There being no basis[7] for petitioner's contention that the Maine Supreme Judicial Court subjected him to a second trial of the facts, there is no support for his double jeopardy contention.

■ It is of the essence of "double jeopardy" that there be a risk of at least two trials. The Double Jeopardy Clause is usually invoked to prohibit a second trial of a person who has previously been acquitted, convicted, or pardoned for the same offense. *Sanabria v. United States*, 437 U.S. 54, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978). See *United States v. Scott*, 437 U.S. 82, 87, 96, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978). Under some circumstances the Clause may properly be invoked if the judge at the first trial declares a mistrial or if he terminates the proceedings favorably to the defendant. The most recent review of the cases is in *United States v. Scott, supra. See The Supreme Court, 1977 Term*, 92 Harv.L.Rev. 57, 1–8–120 (1978). We need not pause to state the circumstances of the cases there reviewed because in all those cases and in all others familiar to us, the foreseeable risk was that of a second trial. The Double Jeopardy Clause has no application to the situation at bar where there has been only one *trial* of the facts followed by an appellate *hearing* resulting in an affirmance of the trial court's judgment. Obviously an appellate proceeding is not a second trial if there is no determination *de novo* of any fact.

The petitioner was subjected to single not double jeopardy. Any other view would be preposterous—for it would mean that there is double jeopardy every time an appellate

---

**5.** Where the characteristics of a weapon are not in dispute, the question whether the weapon falls within a statutory classification is a question of law and not of fact, and so is for the court to decide. *People v. Cabral*, 51 Cal. App.3d 707, 124 Cal.Rptr. 418, 421–22 (1975) (homemade weapon a "dirk or dagger" as a matter of law); *People v. Pickett*, 571 P.2d 1078, 1081 (Colo.1977) (knife with blade longer than 3½ inches a concealed weapon as a matter of law); *People v. Dwyer*, 324 Ill. 363, 365, 155 N.E. 316, 317 (1927) (" 'Where the weapon in question and the manner of its use are of such character as to admit of but one conclusion, the question whether or not it is deadly is one of law for the court to determine . . .' "); *Hicks v. Commonwealth*, 550 S.W.2d 480, 481 (Ky.1977) (pistol a deadly weapon as a matter of law).

**6.** In a case involving the Double Jeopardy Clause the issue whether the Maine trial court's ruling of non-concealability was a finding of fact or a conclusion of law seems to us to be a question of federal law. But if it were an issue of state law, then we should have another reason for agreeing with the interpretation of the Maine Supreme Judicial Court. Ordinarily "state courts are the ultimate expositors of state law." *Mullaney v. Wilbur*, 421 U.S. 684, 691, 95 S.Ct. 1881, 1886, 44 L.Ed.2d 508 (1975).

**7.** We see no merit in petitioner's contention that he has been subjected to double jeopardy because the ruling made in the Maine Superior Court, in effect, acquitted him. Plainly the judgment of that court was one of conviction. Where the proceedings in the trial court terminate adversely to defendant there is no basis for claiming that defendant was acquitted.

court affirms a trial court's judgment of conviction for reasons different from those given by the trial court.

*Affirmed.*